THE MISSOURI VALLEY LUMBER COMPANY v. JOHN REID et al.

No. 144.

1. MORTGAGE— *Superior to Mechanic's Lien.* The lien of a mortgage given by the vendee to the vendor of real estate at the time of the conveyance of the legal title is superior to the lien of a material-man who furnishes material for the construction thereon of buildings which were commenced before the conveyance of the title, the vendee having no authority or permission from the legal owner to enter upon or to take possession of the premises for any purpose before the legal title was conveyed.

2. FINDINGS— *Merely Advisory.* When a jury trial is not a matter of right, and the court submits to a jury certain special questions of fact, the answers returned thereto are merely advisory, and the court may decide for itself all questions of fact and of law in the case, notwithstanding the findings of the jury.

MEMORANDUM.—Error from Wyandotte court of common pleas; T. P. ANDERSON, judge. Action by The Missouri Valley Lumber Company against John Reid and others to foreclose a lien for materials. Judgment for defendants. Plaintiff brings the case to this court. Affirmed. The opinion herein, filed July 8, 1896, states the material facts.

*McGrew, Watson & Watson*, for plaintiff in error.

*Miller & Morris*, and *Samuel Maher*, for defendant in error the Western Trust and Savings Bank.

The opinion of the court was delivered by

GARVER, J. : This case comes before us on a question of priority between certain mortgages and mechanics' liens. The plaintiff in error, the Missouri Valley Lumber Company, furnished lumber to Aaron Yoder for the erection of buildings upon certain lots in Kansas City, Kan., for which said company claimed a first lien on the premises. The defendants in error claimed that certain mortgages executed by Yoder were a prior lien. Yoder purchased the lots from John Reid, receiving a deed of conveyance therefor the latter part of September, 1889, the same being filed for record October 2, 1889. Reid obtained title from one Comstock by a deed of conveyance dated September 6, 1889. Yoder purchased the lots on time, agreeing to secure the payment of the purchase-money by mortgages on the same. Pursuant to such agreement, Yoder executed the mortgages in question, acknowledged September 24, and filed for record September 25, 1889. There is nothing in the record tending to show that Yoder had any interest in the lots, or any right to possession thereof, prior to the time when he obtained title from Reid, or that any one gave him permission to enter upon them for the purpose of making improvements. On the part of the lumber company, it was claimed that work on the lots, as the commencement of the buildings erected, was begun about August 16, 1889. On this, however, the evidence was conflicting. The court submitted to a jury certain questions, among them being one as to the time of the commencement of the buildings, which the jury answered by saying, between August 8 and August 20, 1889. The court adjudged the mortgages

to be first liens, gave judgment for the amount ad-
mitted to be due the lumber company, and made it a
second lien. The judgment of the lower court must
be affirmed, on the authority of *Seitz v. U. P. Rly. Co.*, 16
Kan. 133; *Lumber Co. v. Schweiter*, 45 id. 207; *Getto
v. Friend*, 46 id. 24. We see no substantial difference
in the principle involved in this case from that on
which the decisions in the above cases were based.
Had Yoder gone into possession before execution of
the mortgages and begun the improvements with the
knowledge and consent of the legal owner, different
principles would be involved, and would govern in the
determination of the rights of the parties. But he is
not shown to have had any such right or privilege.
Contemporaneously with his acquiring any title, either
legal or equitable, the mortgages were given. Before
that there was no time when he had an interest in the
lots which he could incumber by a lien. The after-
acquired title cannot relate back, under such circum-
stances, so as to give effect to the mechanic's lien, as
against the former owner.

Again, as we are able to judge of the evidence, from
merely reading it in the record, the trial judge may
have wholly disregarded the answer of the jury with
reference to the time of the commencement of the im-
provements. On that point the evidence of the plain-
tiff in error does not impress us as at all satisfactory.
The finding of the jury was in any event merely
advisory, and not binding upon the court. In the
face of it, the court had a right to decide for itself
all questions of fact as well as of law in the case.
(*Franks v. Jones*, 39 Kan. 236; *Moors v. Sanford*, 2 Kan.
App. 243.) In support of the judgment, it will be
presumed that the court found, on the issues of fact,

in favor of the defendants in error, so far as there was evidence to justify such finding.

The judgment will be affirmed.

All the Judges concurring.