BRITTAIN, SMITH & Co. *et al.* v. JAMES K. BURNHAM *et al.*

(Filed Feb. 8, 1900.)

INSOLVENT DEBTOR—*Preferred Creditor—Good Faith—Bona Fide Debt.* Under the laws of this Territory a debtor in failing or insolvent circumstances has a right to pay one creditor in preference to another or to give to one creditor security in payment of his demand, in preference to another; and if accepted by the creditor in good faith, for the payment or the securing of a subsisting, honest debt, due from the debtor to the creditor, it will be sustained, although it has the effect to delay, hinder, or defeat other honest debts of the debtor.

(Syllabus by the Court.)

*Error from the District Court of Logan County; before Frank Dale, District Judge.*

*John H. Cotteral,* for plaintiffs in error.

*Samuel L. Overstreet,* for defendants in error.

### STATEMENT OF THE CASE.

This is an action commenced in the district court of Logan county by the plaintiffs against the defendants, to have a certain chattel mortgage held by the defendants against one Victor Neal, and which said defendants

were in the process of foreclosing, declared to be a general assignment, for the benefit of all the creditors of Victor Neal, and for the appointment of a receiver to take immediate possession of the property mentioned in said mortgage. To this petition in the court below, defendants filed a general demurrer, alleging in said demurrer that said petition did not state facts sufficient to show a cause of action, which demurrer was by the court sustained. To which action, plaintiffs in the court below excepted, and bring this cause here, assigning the action of the court as error.

Opinion of the court by

IRWIN, J.: An examination of the petition of the plaintiff in the court below, in our judgment, fails to show that they have stated a cause of action. If every allegation in that petition contained be taken as absolutely true, they fail to show where the defendants are charged with doing anything more than they have a valid and legal statutory right to do. The allegations, of that petition, in its broadest and most liberal sense, only charges that the defendant in the court below, Burnham, Hanna, Munger & Co., have taken a chattel mortgage to secure a *bona fide* debt from a debtor, who is in failing circumstances, and in an insolvent financial condition. There is no allegation in this petition that the indebtedness due to Burnham, Hanna, Munger & Co., is not a genuine, honest, *bona fide* indebtedness. There is no charge, except by inference, that the value of the goods mortgaged is in excess of the debt due Burnham, Hanna, Munger & Co., as the petitioners admit in that petition that they do not know the amount of the

debt due form Victor Neal to Burnham, Hanna, Munger & Co.

We take the statement in this petition that: "The said chattel mortgage was given by the said Victor Neal and taken by the said Burnham, Hanna, Munger & Co., for the purpose of avoiding the assignment laws of the Territory of Oklahoma," to be entirely immaterial, as it would make no difference whether this mortgage was taken for that purpose or not, if it was actually taken to secure an honest debt, and in good faith. Neither would it make any difference whether the person taking such mortgage had or had not knowledge of the insolvent condition of the mortgagor. We take it that the law is that any creditor has a right to secure his debt, although in securing that debt, it may take all the property which the debtor possesses, and may be the means of preventing other creditors from collecting all or any part of their honest debts, if the transaction is honest, and for a fair consideration, and to secure an actual, *bona fide* debt.

We think this view is not only sustained by the statute of this Territory, but is sustained by all the respectable authority on the subject in this country. Not only is this theory in accordance with the decisions of the courts, and the statutes of most of the states, but it is strictly in accordance with the sound principle of law, as known and recognized at common law.

We think the true principle that should govern in this class of cases is declared in a well considered case by the eminent and celebrated jurist, Judge Craig, of the supreme court of Illinois, in the case of the *Union National Bank v. The State National Bank,* 48 N. E., pages 169

and 170, where the court speaking through Judge Craig, says:

"The law is well settled that a vigilant creditor is entitled to all legal advantages, and can protect himself by a *bona fide* transaction. A creditor has unquestionably the right to pursue his legal remedies against his debtor so long as he does so in good faith, and if he thus succeeds in obtaining priority, either by suit or by the voluntary act of his debtor, he is entitled to hold the advantage gained, even though the result be to postpone or even defeat other creditors. This court has long adhered to the doctrine that even an insolvent debtor may prefer one creditor to another, and his motives for so doing, provided the preferred creditor has done nothing improper, cannot be inquired into. To render a preference fraudulent, both parties must concur in the intent to commit the wrong. Fraud will not be presumed, but must be proven like any other fact, and it must be proved by clear and convincing evidence, and the burden is upon the party alleging fraud."

Now, we take it, in determining whether a transaction is in good faith or not, that the term good faith, as established in the law, means that in good faith the relation of debtor and creditor exists at the time that the transfer was made, and that such transfer was honestly intended to satisfy an actual subsisting debt, and was made for that purpose. We take it that the statute simply means that a good faith creditor may be paid or preferred in a good faith manner without reference to the actual intention, or the collateral effects of the payment, and the only requirement of good faith, on the part of the creditor, is that he shall not act in such manner as shows an intent on his part to aid a debtor in perpetrating a fraud. We do not think that mere knowledge on the part of the creditor that the act of the debtor

in transferring property to him to secure or pay an honest debt, will, in effect, hinder, defeat or delay other honest creditors, is, of itself, any evidence of bad faith on the part of the creditor; and, although the creditor may know that if he accepts the transfer of this property in payment or security of his debt, it will result in the hindering, delaying or defeat of other creditors, it will not make the transfer fraudulent on his part, provided the transaction on his part is in good faith, and for an honest consideration.

In support of this theory the supreme court of Nebraska, in *Jones v. Lorce*, decided in 1893 reported in the 56th, N. W., at pages 390 and 392, in the opinion announced by Irwin, judge, says:

"To say that knowledge upon the part of an existing creditor, of the debtor's intention to defraud creditors, would render any security demanded by such creditor fraudulent, would be equivalent to saying that the creditor is estopped from protecting himself by knowledge of the very facts which warrant him in seeking protection. A fraudulent intent may very properly be imputed to a stranger who knowingly assists the debtor in defeating his creditors by a purchase of the debtor's property, but no such an intent can be imputed to an existing creditor, because of his knowledge of such intent, when, for the sole purpose of protecting himself, he receives sufficient and reasonable security for that purpose."

In *Kohn v. Clements*, 12 N. W. 550-551, the supreme court of Iowa, in an opinion rendered for the court by Judge Adams, said:

"It is undisputed that a debtor, may, if he sees fit, prefer creditors, and a mortgage executed by him to one or more of his creditors, and having the effect to hinder

and delay the unsecured creditors, is not necessarily fraudulent. It would be so only when executed with a fraudulent intent on the part of the mortgagor, and when such attempt is participated in by the mortgagee. We have a case then where an insolvent debtor offers and executes a mortgage to certain creditors for his own protection, and the design of hindering and delaying other creditors who were about to obtain judgment and execution, and the creditors, thus preferred and made mortgagees, had knowledge of the design, or had knowledge of the facts from which they should have inferred it. Now, ordinarily, where a vendor makes a sale with a fraudulent intent, and the vendee has knowledge of the fraudulent intent, or of facts which put him upon inquiry, the sale will be deemed fraudulent as to him. There is one exception, and that is where the sale is made in payment of a debt due the purchaser. Such purchaser differs from an ordinary purchaser in that he is not deemed a volunteer. Not being such, his knowledge of the vendor's fraudulent intent does not make him a party to it. There might of course be a *bona fide* purpose on the part of the vendee to protect himself, and also a purpose to aid the fraudulent plans of the vendor. In such case the vendee would doubtless be deemed a party to the fraud. But the purpose to aid the fraudulent plans of the vendor cannot be inferred from the mere fact that the mortgage necessarily has such effect."

The supreme court of Wisconsin, in the case of *Erdall v. Atwood*, 47 N. W. 1124, 1126, in an opinion delivered by Justice Cassoday, in 1891, use this language:

"This court has repeatedly held, in effect, that an insolvent debtor is at perfect liberty to pay in good faith, some of his creditors, in full or in part, and others not at all, and this can be done without any intent to hinder, delay, or defraud creditors, within the meaning of the statutes."

The supreme court of Nebraska, in 1897, in the case of *Sunday Creek Coal Company v. Burnham*, 72 N. W. 487, 489, lay down the rule:

"The general rule undoubtedly is that where property is sold with a fraudulent intent, and the 'purchaser has knowledge of the intent, or of sufficient facts to put a person of ordinary prudence upon inquiry, the sale is a fraudulent one. But it may be said that there is an exception to this, of which the case at bar furnishes an example, where the sale is made in payment of a pre-existing debt, due the purchaser. A direct purchaser is a stranger or volunteer, with no pre-existing reason for his purchase, while the creditor has a motive other than the direct purchase of the property—that of obtaining payment of that which is due him, which right the law accords him, and notwithstanding his grantor or vendor may have a fraudulent purpose in making the sale, to the knowledge of the creditor purchaser, the latter is not a party to it, and charged with its consequences, unless he participates in it."

And we think if all the courts were silent on the proposition, that the statutes of this Territory gives the right in clear and unmistakable terms in section 2660, page 540, of the Statutes of Oklahoma, of 1893. We find it is unequivocally and unmistakably stated

"A debtor may pay one creditor in preference to another, or may give to one creditor security in payment of his demand, in preference to another."

Now it sems to us that this language is too clear, concise and unmistakable to require any technical rule of construction. Counsel for plaintiff in error cite in their brief, a decision by the Dakota court, which they say puts a construction upon the language of this statute, at the time it was adopted from the Code of Dakota.

They say this case, which is the case of *Straw v. Jenks*, will be found in the 41st Northwestern Reporter, at page 941. We have referred to the page there cited, and we have also made a very thorough examination of the entire 41st Northwestern, and we fail to find any such case. However, we are familiar with the case of *Straw v. Jenks*, and said case has been repudiated by this court in the case of *Smith et al. v. Baker et al.*, reported in the 5th Oklahoma, page 326. The views herein expressed are in harmony with the opinion of the court as enunciated in that case.

Therefore, on a consideration of the entire petition of the plaintiff in the court below, we fail to see where there is anything alleged therein which charges the defendants, Burnham, Hanna, Munger & Co., with doing anything except what they had a clear, legal, unmistakable right to do under the statute. Therefore, we fail to see wherein their petition alleges facts sufficient to state a cause of action.

We think the action of the court below in sustaining the demurrer to the petition was entirely correct, and should be sustained, which is accordingly done.

All of the Justices concurring.