### In re CLIFFORD.

(District Court, N. D. Iowa, Cedar Rapids Division.   February 11, 1905.)

1. BANKRUPTCY—PREFERENCE—MORTGAGE FOR PRESENT CONSIDERATION.
   Bankr. Act July 1, 1898, c. 541, § 60a, 30 Stat. 562 [U. S. Comp. St. 1901, p. 3445] as amended, providing that a person shall be deemed to have given a preference if, being insolvent, he has, within four months before the filing of the petition, made a transfer of any of his property, or if within such time transfer has been recorded, where the effect of the transfer would be to enable a creditor to obtain a greater percentage of his debt than other creditors of the same class, prohibits the giving of a preference to existing creditors only; section 67d (30 Stat. 564 [U. S. Comp. St. 1901, p. 3449]) covering a transfer for a present consideration.

2. SAME—RECORDING.
   Bankr. Act July 1, 1898, c. 541, § 67d, 30 Stat. 564 [U. S. Comp. St. 1901; p. 3449] providing that liens given or accepted in good faith, and not in contemplation of, or in fraud of, the act, and for a present consideration, which have been recorded according to law, shall not be affected by the act, is satisfied as to recording if the instruments be recorded before commencement of the bankruptcy proceedings.

3. SAME—INSOLVENCY—INTENT TO PREFER—CAUSE TO BELIEVE.
   In the absence of proof or findings of insolvency of bankrupt when he gave a mortgage, or when it was recorded, or of the mortgagee having reasonable cause to believe that a preference was intended, which facts are by Bankr. Act July 1, 1898, c. 541, §§ 60a, 60b, 30 Stat. 562 [U. S. Comp. St. 1901, p. 3445], made conditions of a transfer being a voidable preference, the mortgage cannot be held to be a preference.

In Bankruptcy.   On petition of the trustee and certain creditors for review of the order of the referee allowing the claim of Euclid Sanders as a preferred claim to the amount of $395.

From the certificate of the referee it appears that on January 25, 1904, the bankrupt purchased of Sanders 24 head of cattle at the agreed price of $395, and at the same time, and as a part of the same transaction, he made to Sanders a chattel mortgage upon such cattle to secure the payment of such purchase price and a prior debt of $126.15 that the bankrupt was then owing to Sanders; the mortgage being for the sum of $521.15. The mortgage was not filed for record until May 11, 1904, which was within the four months next preceding the filing of the petition upon which Clifford was adjudged bankrupt, which petition was filed more than four months after the date of the mortgage. Sanders made proof of his debt and mortgage, and claimed priority for the entire amount thereof upon the cattle which had passed to the custody of the trustee in bankruptcy. The trustee and two creditors filed objections to allowing Sanders priority as to any part of his claim. The referee allowed him priority as to the claim for the purchase price of the cattle, viz., $395, but denied it as to the balance of the claim; and the trustee and objecting creditors petition for review of such order.

Baker & Ball, for petitioners.
Dutcher & Davis, for Sanders.

REED, District Judge. The petitioners contend that by the mortgage a preference was given by the bankrupt to Sanders for the purchase price of the cattle, as well as for the antecedent debt, and that, inasmuch as the mortgage was not recorded until within the four months next preceding the filing of the petition in bankruptcy, the lien thereof dates from the time of the filing of the mortgage, under section 60a of the bankruptcy act (Act July 1, 1898, c. 541, 30 Stat. 562 [U. S. Comp. St. 1901, p. 3445]), and not from the date of the mortgage. Whether or not the mortgage, as to the $126.15, dates only from the time of filing the same, as against the petitioners, need not be determined, for the referee held in favor of them as to this part of the debt, and Sanders does not ask for a review of such order.   Section 60a of the bankruptcy act, as amended, is as follows:

"A person shall be deemed to have given a preference if, being insolvent, he has, within four months before the filing of the petition, or after the filing of the petition and before the adjudication, * * * made a transfer of any of his property, and the effect of the enforcement of such * * * transfer will be to enable any one of his creditors to obtain a greater percentage of his debt than any other of such creditors of the same class.   Where the preference consists in a transfer, such period of four months shall not expire until four months after the date of the recording or registering of the transfer, if by law such recording or registering is required."

The purpose of this section is to prohibit the giving of a preference by a bankrupt to existing creditors, and it does not apply to transactions whereby the bankrupt receives a present consideration for the transfer. Such a transaction is covered by section 67d (30 Stat. 564 [U. S. Comp. St. 1901, p. 3449]) of the act, which is as follows:

"Liens given or accepted in good faith, and not in contemplation of, or in fraud upon, this act, and for a present consideration, which have been recorded according to law, if record thereof was necessary to impart notice, shall not be affected by this act."

The two sections must be considered together, section 60a relating to the payment or securing of a prior indebtedness, and section 67d to liens given for a present consideration; and, if the latter are recorded at the time of the commencement of the bankruptcy proceedings, they are not affected thereby.

In Bernhisel v. Firman, 89 U. S. (22 Wall.) 170, 22 L. Ed. 766, it is said:

"In order to bring the security for a debt within this provision of the bankruptcy law, it is necessary that all the prescribed conditions should concur. If either element of the combination be wanting, there is no infringement of the law.   Among them—and the cardinal one—is that the security should be given by the bankrupt within the time specified, with the view of giving a preference to a creditor or person having a claim against him. * * * It is as much the purpose of the law to sustain all valid claims arising beyond the time specified as to strike down the frauds within that time which it denounces."

As to the $395, it is clear that the mortgage securing this did not create a preference at the time it was given, for that was a part of a transaction whereby the bankrupt then became the owner of the cattle, and for such part of the mortgage the bankrupt then received a present consideration, and his estate was not diminished nor the rights of any of his then existing creditors impaired in the least by the transaction.

In order that there may be a preference under section 60a of the bankruptcy act, there must be an existing creditor to whom a preference can then be given. Thus, in Tiffany v. Boatman's Institution, 18 Wall. 375, 21 L. Ed. 868, it is said:

"The preference at which this law is directed can only arise in case of an antecedent debt. To secure such a debt would be a fraud on the act, as it would work an unequal distribution of the bankrupt's property, and therefore the debtor and creditor are alike prohibited from giving or receiving any security whatever for a debt already incurred if the creditor had good reason to believe the debtor to be insolvent. But the giving securities when the debt is created is not within the law, and, if the transaction be free from fraud in fact, the party who loans the money can retain them until the debt is paid."

It does not appear that the mortgage in question was withheld from record by agreement between Sanders and the bankrupt, or that any fraud was intended by so withholding it, or that any debt was incurred by the bankrupt after the date of the mortgage and before it was filed for record. As to the $395, the mortgage was therefore a lien given by the bankrupt for a present consideration in good faith advanced by the mortgagee at its date, within the meaning of section 67d, and was not a preference to a prior creditor under section 60a of the act; and, having been recorded before the commencement of the bankruptcy proceedings, is not affected by them.

Again, the certificate of the referee is silent as to whether or not Clifford was insolvent either at the date of the mortgage or at the time it was filed for record. To constitute a preference, the mortgagor must have been insolvent. Section 60a, Bankr. Act. And to be invalid as against the trustee the person receiving the mortgage or to be benefited thereby must have had reasonable cause to believe that a preference was intended. Section 60b. In the absence of all proof, and of any finding of the referee as to the insolvency of the mortgagor, or that the mortgagee had reasonable cause to believe that a preference was intended, it could not, in any event, be held that this mortgage, having been duly recorded, so far as it secures the purchase price of the cattle, is in violation of any of the provisions of the bankruptcy law.

The order of the referee is approved.