OFF v. HAKES.

(Circuit Court of Appeals, Seventh Circuit. October 24, 1905.)

No. 1,185.

</div>

1. BANKRUPTCY—PREFERENCES—RECOVERY.

Defendant, a creditor of a bankrupt firm, was instrumental in procuring a purchaser for the bankrupt's stock and business within four months prior to the commencement of bankruptcy proceedings. The purchaser assumed the bankrupt's indebtedness to defendant, only a portion of which was due as a part of the purchase price, and executed his note for the amount, which was accepted in consideration of such agreement. *Held,* that such transaction amounted to a preference which was voidable by the bankrupt's trustee, as provided by Bankr. Act July 1, 1898, c. 541, § 60b, 30 Stat. 562 [U. S. Comp. St. 1901, p. 3445], provided defendant or his agents had reasonable cause at the time to believe that it was intended thereby to give defendant a preference.

2. SAME—PAYMENT OF DEBTS—ASSETS—KNOWLEDGE.

Where, at the time of the giving of an alleged preference by a bankrupt, defendant's agent was informed that, in case of a sale of the bankrupt's goods at their then estimated worth, the bankrupt's ability to pay its creditors in full would depend on its ability to collect its then outstanding accounts of an undisclosed amount, such information was insufficient of itself to charge defendant with knowledge that a preference was intended by the completion of the transaction in question.

3. SAME—EVIDENCE.

In an action by a bankrupt's trustee to recover an alleged preference, evidence *held* insufficient to sustain a finding that defendant had notice that a preference was intended at the time the transaction in question was consummated.

4. SAME—EQUITABLE REMEDY.

Courts of bankruptcy have equitable jurisdiction of suits to set aside alleged fraudulent preferences, under Bankr. Act July 1, 1898, c. 541, § 60b, 30 Stat. 562 [U. S. Comp. St. 1901, p. 3445], conferring on such courts jurisdiction to recover preferences concurrent with that of state courts.

5. SAME—PREFERENCES—SECURITIES RECEIVED—SURRENDER

Where an alleged preferred creditor of a bankrupt had not received payment of a note of a third person alleged to have constituted the preference, such creditor was not chargeable in equity with the assumed value of the note, but should only be required to surrender the same if preferential.

Appeal from the District Court of the United States for the Southern Division of the Northern District of Illinois.

Arthur Keithley, for appellant.

Ira J. Covey, for appellee.

Before GROSSCUP, BAKER, and SEAMAN, Circuit Judges.

SEAMAN, Circuit Judge. The appellant, Charles J. Off, was defendant below to a bill filed in the District Court, sitting in bankruptcy, in the matter of the estate of Anderson & Co., bankrupts, for recovery by the trustee of an alleged preference; and this appeal is from a decree against him for the payment of $964.52, together with costs, including docket fee and fees of a special master. A general demurrer to the bill was filed and overruled. The appellant then submitted his

answer, and the case was referred to a special master, who heard the testimony and reported his conclusions, sustaining the allegations of the bill. Objections to the report were overruled by the District Court, and a motion on behalf of the appellant, supported by an affidavit of the witness Anderson, for further hearing to enable such opposing witness to correct an alleged material error in his testimony, was denied. Thereupon this decree was entered.

The question for review upon the merits is the sufficiency of the testimony to establish a voidable preference, under section 60b of the bankruptcy act. Act July 1, 1898, c. 541, 30 Stat. 562 [U. S. Comp. St. 1901, p. 3445]. The appellant (residing at Peoria) was a creditor of the bankrupt firm (located at Farmington) and was instrumental, through his representatives, in procuring a purchaser to take the stock and business of the bankrupt firm, within four months before the commencement of proceedings in bankruptcy. In the transaction the purchaser assumed the indebtedness of the retiring firm to the appellant (of which only a portion was due), as a part of the purchase price, and his note for the amount ($964.52) was given and accepted in satisfaction of such agreement. The bona fides of the bargain on the part of the purchaser is undisputed, but the appellant's participation and benefit, by way of securing his account, plainly involves a preference to that extent, within the meaning of section 60b, provided the appellant or his agents "had reasonable cause to believe that it was intended thereby to give a preference" to him; the fact of the bankrupt's insolvency at such date appearing from the evidence.

The report of the master refers to an interview between the bankrupt and one Thompson, credit man for the appellant, at the place of business of the latter in Peoria, when the bankrupt offered to sell out to the appellant, as the basis of his finding of such reasonable cause, with this statement:

"There is some conflict in the evidence as to what actually took place at this interview in regard to the financial condition of the firm, but it does sufficiently appear that information was conveyed to said Thompson that, should the stock of goods be sold at what they were then estimated to be worth, it would depend upon the firm's ability to collect its outstanding accounts whether or not it would be able to pay its creditors in full."

If the inference thus stated were the utmost effect of the evidence, we are of opinion that the finding is erroneous, under the construction applicable to the terms of section 60b. The like phrase in the earlier bankruptcy act, "having reasonable cause to believe such a person is insolvent," was considered in Grant v. National Bank, 97 U. S. 80, 81, 24 L. Ed. 971, and it was said in the opinion by Mr. Justice Bradley:

"It is not enough that a creditor has some cause to suspect the insolvency of his debtor; but he must have such a knowledge of facts as to induce a reasonable belief of his debtor's insolvency, in order to invalidate a security taken for his debt."

This doctrine was reaffirmed in Stucky v. Masonic Savings Bank, 108 U. S. 74, 75, 2 Sup. Ct. 219, 27 L. Ed. 640, and is applicable to the present provision. It is so recognized generally. Loveland's Bankruptcy (2d Ed.) § 194; Collier on Bankruptcy (5th Ed.) 460; Brandenburg on Bankruptcy (3d Ed.) § 936. The testimony shows that

the outstanding accounts were considerable in amount, and without proof of facts to charge the appellant with information (not referred to in such statement) that the aggregate of the assets "at a fair valuation" were not "sufficient in amount to pay his debts" (section 1, cl. 15, 30 Stat. 544 [U. S. Comp. St. 1901, p. 3418]), the mere fact that sufficiency of assets to pay an unknown amount of debts depended upon collection of an unknown amount of accounts does not meet the statutory requirement.

The report, however, is accompanied by the testimony heard by the master, and it thus appears that the bankrupt (Anderson) testified that Mr. Thompson (the appellant's representative) was informed, in the interview referred to, of facts which would establish reasonable cause to believe a preference was intended through the proposed sale; and this witness is corroborated, in material parts of such testimony, by his attorney, who took part with him in the negotiations. The witness Thompson, introduced on behalf of the appellant, was not permitted by the master to answer pertinent inquiries as to his information and belief respecting the solvency or insolvency of the bankrupt firm, but did testify that they informed him "that if they could dispose of that stock of goods they could pay all of their debts"; and, in effect, that he was not informed, prior to the completion of the arrangement, of any of the facts stated in the bankrupt's testimony; and the testimony of another witness tends to corroborate Thompson's version.

Under these conflicting versions a direct finding by the master, in favor of one or the other, might well rest undisturbed, in view of his better position to determine the credibility of the witnesses; but the finding does not appear to be so predicated. Moreover, the witness Anderson avers, in an affidavit subsequently filed, that he was confused and mistaken when he testified to the information given to Thompson, in the Peoria interview or prior to the sale, and had in mind a later occasion after the transactions were closed; that the version stated by Thompson and the other witnesses on the part of the appellant was "substantially true"; and that he wishes to correct his testimony in conformity with the affidavit. With the decree substantially resting upon the truth of the bankrupt's story as preserved in the testimony, we are not satisfied that it can rightly be affirmed—irrespective of another objection to be considered—without resubmission to hear such further pertinent testimony or corrections as may be tendered upon the single issue in controversy.

The contention "that the action was wrongly conceived," and the remedy was at law and not in equity, is overruled. It was neither raised seasonably in the trial court, nor is it deemed tenable in our view of the only remedy enforceable under the allegations and evidence. Jurisdiction for recovery of preferences, concurrent with that of state courts, is expressly conferred upon the bankruptcy court by section 60b, as amended, and its equitable jurisdiction to that end is well recognized. Loveland's Law and Proceedings in Bankruptcy (2d Ed.) 82; Collier on Bankruptcy (3d Ed.) § 37.

The objection must be sustained, however, that the decree is erroneous in respect of the relief granted, even if otherwise well founded.

The appellant has not been paid the amount of the note which constitutes the alleged preference, and, without proof of other circumstances to charge him with such amount, the equitable remedy is surrender of the note, if preferential, and not its assumed value.

An objection is further raised to the allowance of costs, but the ruling of the court in Fellows v. Freudenthal, 102 Fed. 731, 734, 42 C. C. A. 607, answers the objection, if costs become chargeable.

The decree of the District Court is reversed, accordingly, with direction to hear further testimony as above indicated, and proceed thereupon in conformity with this opinion.