RIDGE AVE. BANK v. STUDHEIM.

(Circuit Court of Appeals, Third Circuit. June 6, 1906.)

No. 6.

1. BANKRUPTCY—ACTION TO RECOVER PREFERENCE—QUESTION FOR JURY.

In an action by the trustee of a bankrupt to recover a payment as a preference, where it is shown that the bankrupt was insolvent when the payment was made, and the circumstances were such as would be likely to excite a suspicion of such insolvency at least on the part of the creditor, the question whether he had reasonable ground to believe that a preference was intended is one for the jury.

2. SAME—PREFERENCE TO BANK—PAYMENT BY CHECK.

A bank is not relieved from liability to refund as a preference a payment received on notes from a bankrupt while insolvent, under such circumstances that it had reasonable grounds to believe that a preference was intended, by the fact that the payment was made by a check on the debtor's deposit in the same bank, which, if it had remained until the debtor's bankruptcy, the bank might have retained as a set-off.

3. SAME—EVIDENCE OF INSOLVENCY—ORDER OF REFEREE.

Upon the question of the insolvency of a bankrupt at the time an alleged preference was given, where it is shown that the bankrupt's assets had not changed thereafter, an order of the referee confirming a sale of such assets is admissible as evidence of their value; its weight being for the jury.

In Error to the District Court of the United States for the Eastern District of Pennsylvania.

Frank Savidge, for plaintiff in error.

E. Clinton Rhoads, for defendant in error.

Before DALLAS and GRAY, Circuit Judges, and CROSS, District Judge.

CROSS, District Judge. This suit was brought in the District Court of the United States for the Eastern District of Pennsylvania by the trustee in bankruptcy of the Kensington Leather Company, under section 60 (b) of the bankrupt act of July 1, 1898 (chapter 541, 30 Stat. 562 [U. S. Comp. St. 1901, p. 3445]), to recover of the plaintiff in error an alleged preference, as defined by section 60 (a) of the above act. Judgment was entered in the court below upon the verdict of a jury for $1,414.20, besides costs. The bankrupt was incorporated in the month of September, 1903, but did not commence active business until the following December. Its chief asset was a secret process for the manufacture of leather, which process was subsequently proved to have little or no value. On or about the 24th day of that month it borrowed from the Ridge Avenue Bank, the plaintiff in error, the sum of $3,000, and gave therefor its three months' note, secured by individual

indorsements. This note matured on the 23d of March, 1904. Payment of the same was then demanded, but the bank was told that the maker had no money to pay it, but that it had leather on hand which it wanted to sell. Contrary to the bank's custom, the note was thereupon renewed, without any payment on account, for a further period of three months. In the meantime, and prior to the maturity of the renewed note, the account of the bankrupt, kept with the plaintiff in error, was inactive and unsatisfactory to the bank, for the reason that no deposits of any consequence were made. Before the renewal note matured, and on the 2d day of June, 1904, an officer of the leather company called at the bank, and while there was reminded by the cashier that the note had been renewed once, and that the bank would insist on a satisfactory settlement of it. At that time the bankrupt had $650 on deposit with the bank, and of that amount the representative of the leather company offered to pay $500 on account of the note. He was told that such payment would not be satisfactory, whereupon he informed the cashier that the company had some damaged leather on hand which it had been unable to sell, and asked the cashier if he could not sell it. A bill of sale for this leather was thereupon made to the cashier of the bank, and it was subsequently sold by him for $820 to a leather dealer who was a customer of the bank. The leather was paid for by the customer's note, and credited on the bankrupt's note. The total payments made on account of the note in cash and by the sale of the leather amounted to $1,320, and were made some time before the maturity of the note. When the note matured, the latter part of June, a new note for one month was given for $1,680, being the balance remaining due on the note of March 23, 1904. On the 9th day of July, 1904, a petition in involuntary bankruptcy was filed against the Kensington Leather Company, and it was adjudicated a bankrupt in the month of August following. Subsequently this suit was brought by the trustee to recover of the Ridge Avenue Bank said sum of $1,320, upon the grounds above referred to. A part only of the facts brought out in the testimony at the trial have been given, but sufficient to show the general situation of affairs between the plaintiff in error and the bankrupt at the time when the alleged preference was given.

Five assignments of error have been filed by the plaintiff in error, the first three of which, however, while appropriate to a motion for a new trial, cannot be considered here, and, indeed, were not insisted upon at the argument. Of the two argued and relied upon, the first relates to the refusal of the trial judge to give binding instructions to the jury in favor of the defendant. It is claimed under this assignment that the facts were insufficient to warrant the judge in leaving to the jury the question of whether or not the Ridge Avenue Bank, at the time it accepted the payment of $1,320, had reasonable cause to believe that it was intended thereby to give it a preference. The case is undoubtedly near the border line separating cases where there is evidence sufficient to warrant a jury in finding a preference and those where there is not sufficient evidence to warrant such finding, and it is quite possible that another jury might have found the facts in this case differently; but the question for our determination is not whether reasonable cause that a

preference was intended existed, but whether there was any evidence of such reasonable cause as justified its submission to the jury. The ordinary rule that what would be the conduct of a prudent person under given circumstances is a question for the jury has some application in this case, and what would be reasonable cause to an ordinarily intelligent business man to believe that a preference was intended is a question with which a jury is supposed to be especially competent to deal. As a matter of fact, the evidence conclusively shows that the bankrupt was insolvent at the time the preference was made, and it could hardly be denied that the payment of the $1,320 was made under circumstances likely to excite suspicion of the bankrupt's insolvency. This alone, however, would be insufficient to charge the bank with accepting a preference. It must have had reasonable cause to believe at the time the payment was made that it was accepting a preference. The question of whether it did or not was a question of fact, and was properly submitted to the jury, and, inasmuch as there was evidence which in our opinion justified its submission, the finding of the jury cannot be reviewed upon writ of error.

But it is claimed on behalf of the bank that the $500 paid on account of its note from the bankrupt's deposit in the bank cannot in any event be considered a preference, or recovered back in this action, and that to this extent, at least, the judgment is erroneous. The position taken by the counsel of the bank is thus stated:

"The balance of a regular bank account is a debt due to the bankrupt from the bank, and, in the absence of collusion, the bank need not surrender such balance, but may set it off against notes of the bankrupt held by the bank"— citing section 68 (a) of the bankruptcy act. (30 Stat. 565 [U. S. Comp. St. 1901, p. 3450]).

The mere reading of this statement, however, shows its inapplicability to the case at bar. This is not the case of a deposit remaining to the credit of a bankrupt's estate at the time of the filing of the petition in bankruptcy, and which, under certain circumstances, and in the absence of collusion, might be the subject of set-off, but is rather that of a transfer to a bank of a port on of the bankrupt's estate by the bankrupt's own act prior to the bankruptcy, and which was accepted by the bank in partial payment of an unmatured claim, and concerning which transaction a jury has said that the bank had reasonable cause to believe at the time the payment was made that it was accepting a preference. It seems wholly unnecessary to add anything further upon this point. Under the circumstances disclosed, we are satisfied that the judge could not have done otherwise than submit the question to the jury. We conclude, therefore, that this assignment of error must fail.

The only other assignment remaining for consideration relates to the admission in evidence of an order of a referee confirming a sale of the bankrupt's property, which was made by a receiver in August, 1904. It was claimed on the argument that this order was hearsay evidence, and should not have been admitted. We think the order being one made by an officer of the court in the same bankruptcy proceeding as that in which the trial took place was competent evidence. Its value was for the consideration of the jury. Evidence had already

been given showing that the assets of the bankrupt had not varied from the time when the alleged preferential payment was made to the time when the assets were sold by the receiver. The evidence of what they brought at the bankruptcy sale was certainly not of the highest probative force, but it was, perhaps, the best evidence at hand. The trial judge, in the exercise of a proper discretion, admitted it for what it was worth, and in doing so committed no error. Furthermore, the disparity between the price realized at the sale ($967.50) and the liabilities of the bankrupt ($8,551.71) was so great as to permit no other inference to be drawn than that the bankrupt was insolvent at the time of the alleged preference. We find no merit, therefore, in this exception.

The result is that the judgment below is affirmed.