CALHOUN COUNTY BANK v. CAIN.

(Circuit Court of Appeals, Fourth Circuit. April 9, 1907.)

No. 675.

BANKRUPTCY—PREFERENTIAL PAYMENTS—BURDEN OF PROOF.

Where a payment made by a bankrupt was in discharge of a valid obligation, the burden was on the bankrupt's trustee seeking to recover the same to show that the creditor paid had reasonable cause to believe that the bankrupt intended thereby to give a preference, as required by Bankr. Act July 1, 1898, c. 541, § 60b, 30 Stat. 562 [U. S. Comp. St. 1901, p. 3445].

Appeal from the District Court of the United States for the Northern District of West Virginia, at Clarksburg

W. N. Miller, for appellant.
T. A. Brown, for appellee.

Before GOFF, Circuit Judge, and BRAWLEY and McDOWELL, District Judges.

McDOWELL, District Judge. It seems quite unnecessary to state in detail the facts of this case. It was a suit brought by a trustee in bankruptcy to set aside certain fraudulent conveyances of property by the bankrupt to certain defendants, and to recover from the Calhoun County Bank an alleged preferential payment. We do not pause to discuss the possibility that the transaction between the bankrupt and the bank was not a payment, but a mere exchange of notes. Assuming that it was a payment, yet it was in discharge of a valid obligation from the bankrupt to the bank, and we fail to find evidence supporting the contention that the bank knew, or had reasonable cause to believe, that the bankrupt intended thereby to give a preference. Bankr. Act July 1, 1898, c. 541, § 60b, 30 Stat. 562 [U. S. Comp. St. 1901, p. 3445]. The burden of proof was on the trustee—complainant below and appellee here. See authorities cited in Loveland on Bankruptcy (2d Ed.) p. 609. This burden the trustee, in our opinion, failed to sustain. We are therefore constrained to hold that the decree of the learned trial court is erroneous in so far as it decrees against the appellant.

An order will be entered reversing the decree below, with costs, remanding the cause, and directing that the trial court enter a decree dismissing complainant's bill as to appellant, and adjudging to said appellant its costs in the trial court.

Reversed