### WORRELL v. WHITNEY et al.

(District Court, E. D. Pennsylvania. July 5, 1910.)

#### No. 2.

BANKRUPTCY (§ 167*)—PREFERENCES BY PARTNERS—RECOVERY OF CONVEYANCE.

A trustee in bankruptcy may not recover a conveyance of partnership property as a preference, unless it is shown that the partners as individuals were insolvent at the time of the conveyance.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 167.*]

In Equity. Suit by Hibberd B. Worrell, as trustee in bankruptcy, against one Whitney and others. Bill dismissed.

George W. Harkins, Jr., for complainant.
Henry P. Brown, for respondents.

J. B. McPHERSON, District Judge. This is a bill in equity by a trustee in bankruptcy to compel a reconveyance of a house and a second mortgage that are said to have been preferentially conveyed to the defendants within four months of the adjudication. The bankrupts were members of a partnership, and filed a voluntary petition both as a firm and as individuals on May 20, 1907. The conveyance now attacked was of partnership property and was made on March 22d, and it is conceded that the result has been to pay to the defendants a larger proportion of their debt than will be paid to other partnership creditors of the same class. For present purposes the bankrupt's intention to favor the defendants may be assumed, and there is no reason to doubt that the partnership as an entity was insolvent on March 22d. Whether or not the defendants had reason-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

able cause to believe at that date that the bankrupts were intending to give a preference is a disputed point, upon which opposing opinions might find fairly balanced support in the evidence.

As I view the case, however, it must be decided upon another proposition. As I have just said, the firm considered merely as an entity was insolvent on March 22d, but there is almost no evidence concerning the financial situation of the partners as individuals at that time. It is impossible, therefore, to say that the individual assets of the partners, taken in connection with the assets of the firm, would not have been more than sufficient to pay all the firm debts. The only evidence on the subject of individual insolvency is to be found in the fact that on May 20th, two months later, the petition was filed upon which both members were adjudged bankrupt, both as individuals and as a firm. But this, without more, does not enable me to decide safely that they were insolvent as individuals on March 22d. No effort was made to prove their individual insolvency at that time. One of the bankrupts was not examined at all, and the other was asked no questions concerning his individual condition when the conveyance was made. With proof upon this subject under the trustee's control, he can hardly expect the court to draw uncertain inferences concerning a fact that he might have established with at least reasonable certainty. The necessity for such proof is supported by Re Blair (D. C.) 99 Fed. 76; Vaccaro v. Security Bank, 103 Fed. 436, 43 C. C. A. 279; Davis v. Stevens (D. C.) 104 Fed. 235; Re Forbes (D. C.) 128 Fed. 137; Re Perley & Hays (D. C.) 138 Fed. 927; and Tumlin v. Bryan, 165 Fed. 166, 91 C. C. A. 200, 21 L. R. A. (N. S.) 960.

The bill is dismissed, with costs, to be paid primarily out of the bankrupt estate.