JOHNSON v. HANLEY, HOYE CO.

(District Court, D. Rhode Island. July 3, 1911.)

1. BANKRUPTCY (§ 167*)—PREFERENCES—ACTS CONSTITUTING.

Where a partner of a bankrupt firm directed a mortgagee of firm property, foreclosing the mortgage and obtaining a surplus after satisfaction of the mortgage debt, to pay the surplus to a firm creditor, the transaction was in effect a direct payment by the firm to the creditor, and constituted a preferential payment.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 282; Dec. Dig. § 167.*]

2. BANKRUPTCY (§ 302*)—PREFERENTIAL PAYMENT—SUIT TO SET ASIDE.

Though equity has cognizance of constructive and actual fraud, whether a bill in equity lies by a trustee in bankruptcy to set aside a prefer-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ential payment to a creditor of a bankrupt will not be determined on demurrer to the bill, but the demurrer will be overruled, reserving the right to raise the question of jurisdiction at final hearing.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 302.*]

In Equity. Suit by Edwin A. Johnson against the Hanley, Hoye Company. Demurrer to bill of complaint. Overruled.

Gardner, Pirce & Thornley, for complainant.
Gorman, Egan & Gorman, for respondent.

BROWN, District Judge. This is a demurrer to a bill in equity by a trustee in bankruptcy, to set aside a preferential payment of money to a firm creditor.

[1] Upon the foreclosure of a mortgage upon firm property, there remained after satisfaction of the mortgage debt a considerable surplus belonging to the bankrupt firm. One of the copartners directed the mortgagee to pay from the surplus in his hands a debt due the defendant, a creditor, thereby creating a preference.

In legal effect this transaction was the same as a direct payment by the firm to prefer a firm creditor.

The defendant contends that a bill in equity will not lie because the complainant has a full and complete remedy at law. Neither brief upon demurrer considers how far Rev. St. § 723 (U. S. Comp. St. 1901, p. 583), is designed to limit the jurisdiction of equity as to subject-matters whereof the jurisdiction at law and equity is concurrent. It has been said, as in Whitehead v. Shattuck, 138 U. S. 146-150, 11 Sup. Ct. 276, 34 L. Ed. 873, that section 723 is merely declaratory. In Coder v. Arts, 213 U. S. 223, 29 Sup. Ct. 436, 53 L. Ed. 772, is cited with approval the opinion In re Maher (D. C.) 144 Fed. 503, wherein it was said:

"In a preferential transfer the fraud is constructive or technical, consisting in the infraction of that rule of equal distribution among all creditors which it is the policy of the law to enforce when all cannot be fully paid."

[2] Equity has cognizance of constructive fraud as well as actual fraud. Eyre v. Potter, 15 How. 42, 14 L. Ed. 592.

It must be admitted, however, that the question presented by the demurrer is not free from doubt, and that there is a serious conflict of authority upon the question of the right of a court of equity to entertain jurisdiction of a suit of this character. An action at law has been held adequate in many cases, and upon principle I fail to see why the trustee cannot have a complete remedy at law in the present case upon the facts alleged in the bill. Whether there is also relief in equity is the subject of conflict of decision. The complainant cites the following cases: Pond v. New York Nat. Ex. Bank (D. C.) 124 Fed. 992, to the effect that this suit "is analogous to a judgment creditor's suit to set aside a fraudulent conveyance"; also In re Plant (D. C.) 148 Fed. 37; Mason v. National Bank (D. C.) 163 Fed. 920; Norcross v. Nathan (D. C.) 99 Fed. 414; Wall v. Cox, 101 Fed. 403, 41 C. C. A. 408; Off v. Hakes, 142 Fed. 364, 73 C. C. A. 464; Parker v. Black, 151 Fed. 18, 80 C. C. A. 484.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes
188 F.—48

The decision of the Circuit Court of Appeals in the Sixth circuit, however, in Warmath v. O'Daniel et al., 159 Fed. 87, 86 C. C. A. 277, 16 L. R. A. (N. S.) 414, directly supports the defendant's demurrer. Whether a distinction between the transfer of money and of other property affects the question is doubtful in view of Pirie v. Chicago Title & Trust Co., 182 U. S. 438-443, 21 Sup. Ct. 906, 45 L. Ed. 1171. In Page v. Rogers, 211 U. S. 575, 29 Sup. Ct. 159, 53 L. Ed. 332, it was pointed out that though the defendant was obliged to surrender a preference he was yet entitled to a dividend, and that circuity of proceeding might be avoided by permitting the defendant to prove his claim so that the court might settle the amount of the dividend, and that the final decree might direct a deduction of the amount of the dividend from the amount of the preference.

A bill of this character has been characterized as of the nature of a creditor's bill, as a bill based upon constructive fraud; and it has been suggested that circuity of action may be avoided by a bill in equity, though the weight of this suggestion is doubtful.

The conflict between the Circuit Courts of Appeals upon this question is not determined by any decision of the Supreme Court which has been brought to my attention. The Supreme Court case which in its facts most closely resembles the case at bar is perhaps Hicks v. Knost, 178 U. S. 541, 20 Sup. Ct. 1006, 44 L. Ed. 1183, which was a bill in equity to recover money paid by the bankrupts with intent to prefer. Upon a question certified by the Circuit Court of Appeals for the Sixth circuit, and which must have been answered in view of the particular facts, it was held that the District Court, by the consent of the proposed defendant, had jurisdiction. This case was decided before the enlargement of jurisdiction of the District Court.

It seems hardly possible that if the entire want of jurisdiction on the ground that the remedy was at law, because only a money judgment was sought, or because there was a full remedy at law, was apparent upon the statement of facts, that this could have been overlooked by the Circuit Court of Appeals which certified the question, or by the Supreme Court which answered it. Nevertheless, it is quite true that the question decided was of different character from that before us, and related rather to the right of a defendant to litigate in the state court than to a question of equitable jurisdiction.

Upon the whole, the question of equitable jurisdiction is doubtful and requires a careful consideration of the decisions of the Supreme Court. In view of the doubt the proper course in the present case is to overrule the demurrer, reserving to the defendant the liberty to raise the same question at final hearing.

Demurrer overruled.