## KENTUCKY BANK & TRUST CO. et al. v.

## PRITCHETT et al.

No. 3418. Opinion Filed August 25, 1914.

On Rehearing, October 13, 1914.

(143 Pac. 338.)

1. **APPEAL AND ERROR—Harmless Error—Instructions—Suit
   in Equity.** In cases of equitable cognizance, while the judge
   may call in a jury or consent to one, for the purpose of ad-
   vising him upon the questions of fact, he may adopt or reject
   its conclusions, as he sees fit, and the whole matter must event-
   ually be left to him to determine, and instructions to the jury
   furnish no grounds of error upon appeal. It was not only the
   right, but the duty, of the court to determine all questions of
   fact as well as law. **Barnes et al. v. Lynch et al.,** 9 Okla. 157, 59
   Pac. 995.

2. **FRAUDULENT CONVEYANCES—Right to Prefer Creditors.**
   When a debtor is in failing or insolvent circumstances, he has
   a right to prefer one creditor over another, and if accepted by
   the creditor in good faith such preference will be sustained,
   even though it has the effect to delay, hinder, or defeat other
   creditors.

### ON REHEARING.

3. **BANKRUPTCY—Voidable Preference—Proof of Elements—
   Necessity.** Under subdivisions (a) and (b) of section 60 of the

Kentucky Bank & Trust Co. et al. v. Pritchett et al.

Bankruptcy Act (Act July 1, 1898, c. 541, 30 St. at L. 562 [U. S. Comp. St. 1901, p. 3445]), as amended in 1903 (Act Feb. 5, 1903, c. 487, sec. 13, 32 St. at L. 799 [U. S. Comp. St. Supp. 1911, p. 1506]), in order to set aside an alleged voidable preference, it is necessary for the trustee to prove all the elements of a voidable preference as defined by section 60, **supra.**

4.    SAME—"Voidable Preference"—Essentials. Among the essential elements of a "voidable preference" to be proven by the trustee under section 60, **supra** (Act July 1, 1898, c. 541, 30 Stat. 562 [U. S. Comp. St. 1901, p. 3445]), as amended February 5, 1903, c. 487, section 13, 32 St. at L. 799 [U. S. Comp. St. Supp. 1911, p. 1506]), are: (1) That at the date of the consummation of a voidable preference the transferror was insolvent; and (2) that the person receiving the benefit of the preference had reasonable cause to believe that a preference was intended.

5.    SAME—Construction. Where the court finds that a conveyance was made for the purpose of hindering, delaying, or defrauding creditors, and also finds that the bankrupt was indebted to the transferee in the sum of $5,000, and that the transfer was made in payment of said indebtedness, all the findings are to be construed together. **Held**, that the finding that the transfer of February 15, 1910, was for the purpose of hindering, delaying, or defrauding the creditors of W. H. P., was a finding that the transfer was a constructive or technical fraud, in that it made an unequal distribution among the creditors of W. H. P., and does not bring the case within section 67 (e) of the Bankruptcy Act (Act July 1, 1898, c. 541, 30 St. at L. 564 [U. S. Comp. St. 1901, p. 3449]).

(Syllabus by Rittenhouse, C.)

*Error from District Court, Grady County;*

*Frank M. Bailey, Judge.*

Action by the Kentucky Bank & Trust Company and another against W. H. Pritchett and others. Judgment for defendants, and plaintiffs bring error. Affirmed.

*Bond & Melton* and *Wm. J. Cox,* for plaintiffs in error.

*Lee Gibson, Will Linn,* and *F. E. Riddle,* for defendants in error.

Opinion by RITTENHOUSE, C.   On August 12, 1908, T. W. Pritchett, W. H. Pritchett, and C. W. Pritchett executed and delivered to the Kentucky Bank & Trust Company three promissory notes of $1,835 each, and on said date W. H. Pritchett was the owner of lot 7 in block 42, in Sayer's subdivision of lots 10 to 14 in block 42 in the city of Chickasha, Okla., and the money

received by Pritchett on said notes was used in paying the purchase price of said lots and for the purpose of constructing a brick building thereon. On the 15th day of May, 1909, W. H. Pritchett and Martha Pritchett, his wife, conveyed an undivided half interest in said lot to C. W. Pritchett, and on the 15th day of February, 1910, W. H. Pritchett and Martha Pritchett. his wife, and C. W. Pritchett made, executed, and delivered a deed to said property to T. W. Pritchett, who was the father of W. H. Pritchett and C. W. Pritchett, and on the same day T. W. Pritchett conveyed said property to Martha Pritchett in consideration of love and affection and services to be rendered; and it is alleged by plaintiffs that all of said conveyances were voluntarily made without a valuable consideration and for the purpose of defrauding plaintiffs and other creditors of W. H. Pritchett, T. W. Pritchett, and C. W. Pritchett. On October 13, 1910, Willis C. Hopewell, trustee in bankruptcy of the estate of W. H. Pritchett, intervened in said action and filed his answer, alleging, in substance, that W. H. Pritchett on June 21, 1910, filed a voluntary petition in bankruptcy in the District Court of the United States for the Western District of Kentucky, and was adjudged a bankrupt, and that he, Hopewell, was elected and had qualified as trustee of said estate; that there were proved debts against said estate in the sum of $8,978.47; that the assets were not sufficient to pay any of the general claim, and prayed that the deeds be set aside and held for naught, and that the property be subjected to payment of claims as proved in said estate. The evidence shows that the transfers were made to the parties as alleged, and that at the time the said T. W. Pritchett became the owner of said property, his sons W. H. Pritchett and C. W. Pritchett were indebted to him in the sum of $5,000, and that said property was transferred to him in payment of said sum; he being preferred over other creditors to that extent. The court impaneled a jury, instructing them on the law of the case, and submitted to them special interrogatories, but not a general verdict. After the answers were returned, the court rendered judgment in favor of the defendant. The plaintiffs in

error complain of the several instructions given to the jury, and also of the ambiguity of the answers made to the several questions submitted, and insist that under the answers the court would be compelled to render judgment in favor of the plaintiffs.

A suit to cancel a deed on the grounds of fraud is an equitable action, and the parties are not entitled to a jury trial as a matter of right, but the court may, in its discretion, submit to the jury special interrogatories, but the answers thereto are merely advisory to the trial court, and it may adopt or reject such advice as it may deem just and proper under the evidence in the case. The plaintiffs in error complained of the instructions which the court gave to the jury, and the answers which the jury made to the special interrogatories. If there was error in the instructions or the special interrogatories, such error is immaterial, and cannot be the basis for a reversal in this cause, as the trial court has the power, and it is its duty, to pass upon the law and the facts independent of the advice furnished by the answers to such special interrogatories.

It has been said in *Barnes et al. v. Lynch,* 9 Okla. 191, 59 Pac. 1008:

"The law is, however, in cases of equitable cognizance, that, while the judge may call in a jury or consent to one, for the purpose of advising him upon questions of fact, he may adopt or reject their conclusions, as he sees fit, and that the whole matter must eventually be left to him to determine, and that the instructions furnish no ground of error upon appeal. It was not only the right, but the duty, of the court to finally determine all questions of fact, as well as of law."

And this holding has been adhered to in the following cases: *Mosier v. Walter,* 17 Okla. 805, 87 Pac. 877; *Richardson D. G. Co. v. Hockaday,* 12 Okla. 546, 73 Pac. 957; *Wattah-noh-zhe v. Moore,* 36 Okla. 631, 129 Pac. 877; *Apache State Bank v. Daniels,* 32 Okla. 121, 121 Pac. 237, 40 L. R. A. (N. S.) 901, Ann. Cas. 1914A, 520; *Murray v. Snowder,* 25 Okla. 421. 106 Pac. 645; *Hogan et al v. Leeper,* 37 Okla. 655, 133 Pac. 190, 47 L. R.

A. (N. S.) 475; *Mo. Valley Lbr. Co. v. Reid,* 4 Kan. App. 4, 45 Pac. 722; *Shorten v. Judd,* 60 Kan. 73, 55 Pac. 286.

There remains only one question for determination in this cause, and that is whether there is sufficient evidence to support the judgment. There was evidence to show that T. W. Pritchett was in good faith a creditor of W. H. and C. W. Pritchett in the sum of $5,000 at the time of the transfer of the property in this cause, and that the property did not exceed in value that amount. The court was justified in finding that he was a creditor in good faith, and that he could be preferred over other creditors, even though in preferring him there would not be sufficient assets left to satisfy such other creditors.

It was said in *Brittain, Smith & Co. v. Burnham et al.,* 9 Okla. 522, 60 Pac. 241:

"Under the laws of this territory a debtor in failing or insolvent circumstances has a right to pay one creditor in preference to another or to give to one creditor security in payment of his demand, in preference to another; and if accepted by the creditor in good faith, for the payment or the securing of a subsisting, honest debt, due from the debtor to the creditor, it will be sustained, although it has the effect to delay, hinder, or defeat other honest debts of the debtor."

20 Cyc. 472; *Pollock v. Meyer,* 96 Ala. 172, 11 South. 385; *Carter v. Coleman,* 84 Ala. 256, 4 South. 151; *Lewy v. Fischl,* 65 Tex. 311; *Bamberger v. Schoolfield,* 160 U. S. 149, 16 Sup. Ct. 225, 40 L. Ed. 374; *Birmingham v. Smith,* 93 Ala. 97, 9 South. 548; section 4434, Comp. Laws 1909; section 2901, Rev. Laws 1910.

The trial court had under consideration these questions and also the question as to whether the transfer to Martha Pritchett by T. W. Pritchett was in fraud of the creditors of the said T. W. Pritchett, and, after weighing all the evidence, the court found every material fact in favor of the defendants; and, as there was sufficient evidence in the record to support this finding, this court cannot weigh the evidence in order to grant or re-

fuse a new trial, but is bound by the judgment of the trial court under such circumstances.

For the foregoing reasons, the cause should be affirmed.

## ON REHEARING.

It is urged in the petition for rehearing that the transfer of February 15, 1910, would constitute a preference under section 60 of the Bankruptcy Act of 1910 (Act June 25, 1910, c. 412, sec. 11, 36 St. at L. 842 [U. S. Comp. St. Supp. 1911, p. 1506]). This act was passed on June 25, 1910, which was subsequent to the date of the transfer in this case. The act in force prior to the amendment of 1910 was the act of 1898 as amended in 1903 (32 St. at L. 800), and under that section the question whether the person receiving such preference had reasonable grounds to believe that a preference was intended was one of fact, and the burden of proof would be upon the bankrupt's trustee to show that all the elements of a voidable preference under section 60 (a) and (b) of the Bankruptcy Act of 1898 as amended in 1903 existed. Section 60 (a) and (b) reads as follows:

(a) "A person shall be deemed to have given a preference if, being insolvent, he has, within four months before the filing of the petition, or after the filing of the petition and before the adjudication, procured or suffered a judgment to be entered against himself in favor of any person, or made a transfer of any of his property, and the effect of the enforcement of such judgment or transfer will be to enable any one of his creditors to obtain a greater percentage of his debt than any other of such creditors of the same class. Where the preference consists in a transfer, such period of four months shall not expire until four months after the date of the recording or registering of the transfer, if by law such recording or registering is required."

(b) "If a bankrupt shall have given a preference, and the person receiving it, or to be benefited thereby, or his agent acting therein, shall have had reasonable cause to believe that it was intended thereby to give a preference, it shall be voidable by the trustee, and he may recover the property or its value from such

person. And, for the purpose of such recovery, any court of bankruptcy, as hereinbefore defined, and any state court which would have had jurisdiction if bankruptcy had not intervened, shall have concurrent jurisdiction."

In order for the trustee to recover in the instant case, it would be necessary for him to show that the bankrupt was insolvent on the date of the conveyance; that the recording of such instrument was within four months before the filing of the petition in bankruptcy; that the effect of the transfer would be to enable T. W. Pritchett to obtain a greater per cent. of his debt than any other creditor of the same class, and that T. W. Pritchett, the person receiving such preference, had reasonable cause to believe that it was intended to be a preference. *Calhoun County Bank v. Cain,* 152 Fed. 983, 82 C. C. A. 114.

Whether the bankrupt was insolvent at the time of the conveyance, and whether the transferee had reasonable cause to believe that the conveyance was intended thereby to give a preference, are questions of fact, determined by the findings of the court, and not open to review in this court. *Kaufman v. Tredway,* 195 U. S. 271, 25 Sup. Ct. 33, 49 L. Ed. 191; *Ridge Ave. Bank v. Studheim,* 145 Fed. 798, 76 C. C. A. 362. No showing was made by the trustee that W. H. Pritchett was insolvent at the time of the conveyance, but to the contrary the court found that at the time of the conveyance the bankrupt was solvent. *Kaufman v. Tredway, supra; In re Clifford* (D. C.) 136 Fed. 475; *In re Hines* (D. C.) 144 Fed. 142; *Calhoun County Bank v. Cain, supra; In re Farmers' Supply Co.* (D. C.) 170 Fed. 502; *Worrell v. Whitney* (D. C.) 179 Fed. 1014.

Nor is there any showing that T. W. Pritchett, the person receiving the benefit of the transfer of February 21, 1910, had reasonable cause to believe that the same was intended to be a preference. *Kaufman v. Tredway, supra; Off v. Hakes,* 142 Fed. 364, 73 C. C. A. 464; *Hussey v. Richardson, Roberts Dry Goods Co.,* 148 Fed. 598, 78 C. C. A. 370; *Coder v. Arts,* 152 Fed. 943, 82 C. C. A. 91, 15 L. R. A. (N S.) 372; *Blyth & Fargo Co. v. Kastor,* 17 Wyo. 180, 97 Pac. 921.

It is urged, further, that the transfer of Feb. 15, 1910, should be set aside under subdivision (e) of section 67, for the reason that the court found that the said conveyance was made for the purpose of hindering, delaying, or defrauding creditors. Subdivision (e) of section 67 of the Bankruptcy Act reads as follows:

"That all conveyances, transfers, assignments, or incumbrances of his property, or any part thereof, made or given by a person adjudged a bankrupt under the provisions of this act subsequent to the passage of this act and within four months prior to the filing of the petition, with the intent and purpose on his part to hinder, delay, or defraud his creditors, or any of them, shall be null and void as against the creditors of such debtor, except as to purchasers in good faith and for a present fair consideration; and all property of the debtor conveyed, transferred, assigned, or incumbered as aforesaid shall, if he be adjudged a bankrupt, and the same is not exempt from execution and liability for debts by the law of his domicile, be and remain a part of the assets and estate of the bankrupt and shall pass to his said trustee, whose duty it shall be to recover and reclaim the same by legal proceedings or otherwise for the benefit of the creditors. And all conveyances, transfers, or incumbrances of his property made by a debtor at any time within four months prior to the filing of the petition against him, and while insolvent, which are held null and void as against the creditors of such debtor by the laws of the state, territory, or district in which such property is situated, shall be deemed null and void under this act against the creditors of such debtor if he be adjudged a bankrupt, and such property shall pass to the assignee and be by him reclaimed and recovered for the benefit of the creditors of the bankrupt. * * * "

There is a marked distinction between transfers with intent to prefer a creditor, as contemplated by section 60, and transfers with intent to hinder, delay, or defraud creditors, as contemplated by section 67(e), of the Bankruptcy Act. In one sense, fraud is involved in all such transactions, but there is a difference in the character of the fraud. In a preferential transfer, as contemplated by section 60, the fraud is of a technical or constructive nature, consisting in an unequal distribution of the

assets of the bankrupt among the creditors, but where the fraud is with the intent to hinder, delay, or defraud creditors, as contemplated by section 67(e), the fraud is actual, in that the bankrupt has secured an advantage for himself out of the property which rightfully belongs to the creditors and not to him. There is no finding in this case that W. H. Pritchett secured to himself an advantage by reason of the transfer of this property. The findings of the court are that W. H. and C. W. Pritchett were indebted to T. W. Pritchett in the sum of $5,000; that the property was transferred to T. W. Pritchett in payment of that indebtedness; and the additional finding of the court that the transfer of February 15, 1910, was made for the purpose of hindering, delaying, and defrauding the creditors of W. H. Pritchett could not be held to have been a finding of actual fraud, in view of the other findings of the court. All the findings taken together show that the effect of the transfer of February 15, 1910, was constructive or technical fraud, in that it made an unequal distribution among the creditors of W. H. Pritchett. The court having found that the bankrupt was indebted to T. W. Pritchett in the sum of $5,000, and that the transfer was made in payment of that claim, shows that the court found that the act done was a *bona fide* transaction and not within the Bankruptcy Act.

The remaining questions presented by the petition for a rehearing were disposed of in the original opinion.

The petition should be denied.

By the Court: It is so ordered.