## TUMLIN v. BRYAN.

(Circuit Court of Appeals, Fifth Circuit.    November 10, 1908.)

No. 1,836.

1. BANKRUPTCY (§ 167*)—VOIDABLE PREFERENCE—SUIT TO RECOVER.
   In a suit by the trustee in bankruptcy of a partnership to recover payments made to a creditor as a preference, to authorize a recovery, it must be shown that the firm and the partners also were insolvent when the payments were made.
   [Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 167.*]

2. BANKRUPTCY (§ 166*)—VOIDABLE PREFERENCE—INTENT OF DEBTOR.
   To render a payment made by a bankrupt to a creditor voidable as a preference under Bankr. Act July 1, 1898, § 60b, c. 541, 30 Stat. 562 (U. S. Comp. St. 1901, p. 3445), it must appear that it was in fact intended to give a preference, and that the creditor had reasonable cause to believe that it was so intended; and mere suspicion or .slight proof is not sufficient.
   [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 250, 252; Dec. Dig. § 166.*]

Appeal from the District Court of the United States for the Northern District of Georgia.

Victor Lamar Smith (Janes & Hutchens and Smith, Hammond & Smith, on the brief), for appellant.

William P. Hill and J. L. Mayson, for appellee.

Before PARDEE and SHELBY, Circuit Judges, and BURNS, District Judge.

SHELBY, Circuit Judge. This is a suit by T. J. Bryan, as trustee in bankruptcy of A. B. Tumlin Company, a partnership composed of A. B. Tumlin and M. K. Pounds, against W. L. Tumlin, to recover $3,430, the amount of six payments made by the bankrupts within four months of bankruptcy. The first of the payments was made July 26, 1906, and an involuntary petition was filed against the firm October 5, 1906. The payments were made to discharge a debt of the firm, shown by its note and a chattel mortgage. The bill contained the usual averments seeking to recover the payments as voidable preferences under the bankruptcy act. The defendant answered. denying the material averments of the bill. There was an order of reference and a report in favor of the complainant. The defendant excepted to the report, and his exceptions were overruled by the District Court, and a decree entered in favor of the trustee for the aggregate amount

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

of the payments and interest. The defendant, by exceptions to the report and by assignments of error here, contends that the report and decree are not sustained by evidence, because (1) it was not proved that at the time the payments were made the debtors were insolvent, and (2) that at the time the payments were made the defendant did not have reasonable cause to believe that the debtors intended thereby to give him a preference.

The burden of proof is on the complainant, and, unless he shows by sufficient evidence the elements of a voidable preference, he is not entitled to recover. He must prove that the bankrupts (1) while insolvent, (2) within four months of the bankruptcy, (3) made a transfer of their property, i. e., a payment of money, (4) and that the creditor receiving the payment was thereby enabled to obtain a greater percentage of his debt than other creditors of the same class; and it must also be proved (5) that the person receiving the payment, or to be benefited thereby, had reasonable cause to believe that it was thereby intended to give a preference. Bankr. Act, § 60, cls. "a" and "b" (Act July 1, 1898, c. 541, 30 Stat. 562 [U. S. Comp. St. 1901, p. 3445]).

There is no denial that the payments alleged were made, and that they were made within four months of the bankruptcy.

The case turns on the contention of the defendant that there is no sufficient evidence to sustain the decree showing that the bankrupts were insolvent at the time the payments were made, and that the evidence does not show that the defendant had reasonable cause to believe that the payment was intended to give a preference. A person is deemed insolvent within the meaning of the act "whenever the aggregate of his property, exclusive of any property which he may have conveyed, transferred, concealed, or removed, or permitted to be concealed or removed, with intent to defraud, hinder, or delay his creditors, shall not, at a fair valuation, be sufficient in amount to pay his debts." Bankruptcy Act, § 1a (15). The complainant, as a witness for himself, in answer to a question which assumed that he had "gone through the books and familiarized himself with the condition of the affairs of A. B. Tumlin Company," testified that "they were insolvent, in my opinion"; the answer referring to their condition on July 1, 1906, about the time the payments in question were made. He was not asked what property the firm owned, nor its value, nor the amount of the firm's debts. The schedules filed by the bankrupt firm December 27, 1906, are relied on as showing insolvency of the firm in July, 1906. If from these schedules and the dates of accounts listed it be conceded that the firm's indebtedness in July, 1906, may be ascertained, and that other schedules show the property owned by the firm at the time of the bankruptcy, this is not sufficient. It is not shown what property was owned by the firm in July, 1906, at the date of the payments, nor is the value of the property then owned by it proved.

And, besides, we find no evidence showing what property was owned by the individual members of the bankrupt firm in July, 1906. In a claim for exemptions filed by the attorneys for the members of the firm there is a statement that they owned no property except the partnership property. That petition is sworn to October 23, 1906. If

that affidavit is admissible against the defendant in this suit, it is insufficient to show the pecuniary condition of the members of the bankrupt firm in July, 1906. As each member of the partnership is liable individually for the partnership debts, it seems to follow that, to show such insolvency as to entitle the trustee to recover, the insolvency of the members of the firm should be proved. If a condition exists whereby all diligent creditors may obtain payment in full, it seems useless and unjust to sustain a suit against a defendant who has only collected what was due to him. It is true that a partnership may be treated as an entity, separate from its individual members, for the purpose of its adjudication as a bankrupt (Bankruptcy Act, § 5a; In re Meyer et al., 98 Fed. 976, 39 C. C. A. 368; In re Mercur, 122 Fed. 384, 58 C. C. A. 472); but, in a suit to recover a preference, it is not only the insolvency of an intangible entity, but the insolvency of its responsible component parts, that lies at the foundation of the right to relief. If the component parts of the firm may be made to pay the firm's debts, the suit lacks reason and substance, and it cannot be held that the defendant has obtained a greater percentage of his debt than other creditors of the same class. If the members of the firm are solvent, all creditors may be paid in full. If the individual members of the partnership are not shown to be insolvent at the date of the payments, the preference is not voidable. Vaccaro et al. v. Security Bank of Memphis et al., 103 Fed. 436, 43 C. C. A. 279. See, also, In re Blair et al. (D. C.) 99 Fed. 76; Davis et al. v. Stevens et al. (D. C.) 104 Fed. 235; In re Forbes et al. (D. C.) 128 Fed. 137; In re Perley & Hays (D. C.) 138 Fed. 927.

To sustain the decree, it must appear that there was evidence to show that the defendant had reasonable cause to believe that it was intended by the payments in question to give a preference. Bankruptcy Act, § 60b. The reasonable implication of the statute, it has been held, is that the debtor himself must have intended the preference. In re First National Bank of Louisville, 155 Fed. 100, 84 C. C. A. 16; Hardy v. Gray et al., 144 Fed. 922, 75 C. C. A. 562. A careful reading of the evidence does not lead us to the conclusion that the defendant believed the firm to be insolvent. But a belief that a debtor is insolvent is a very different thing from the belief referred to by the statute— "reasonable cause to believe that it was intended" by the payments to give a preference. It may often happen that one, though in fact insolvent, will continue his business and make payments in the usual way, without a thought of preferring one creditor to another, and with the hope and belief that he would finally be able to pay all. If these payments were made by the firm, without the thought of injuring other creditors, and in the belief that it would be able to pay them all, the defendant cannot be charged with reasonable cause to believe that a preference was intended. When a debtor pays, and a creditor receives, the amount of a just debt, the natural presumptions are in favor of the good faith of the transaction. To let the mere fact of the bankruptcy of the debtor within four months make the transaction involved voidable would be to create uncertainty and uneasiness as to the probable result of every settlement between debtor and cred-

itor. Reasonable cause to believe that a preference was intended cannot be held to be proved by circumstances that would merely excite suspicion. And circumstances may seem suspicious after the bankruptcy occurs that would not appear unusual at the time of their occurrence, and would then have presented no "reasonable cause" on which to found a belief of intended preference. Merchants and other business men constantly continue to make payments up to the very eve of failure, and it would be disastrous to have them set aside on slight proof or mere suspicion. Grant v. National Bank. 97 U. S. 80, 24 L. Ed. 971; Stucky v. Masonic Savings Bank, 108 U. S. 74, 2 Sup. Ct. 219, 27 L. Ed. 640.

The fact that one of the payments was made in notes payable to and indorsed by the firm was fully explained. The defendant was satisfied to receive the notes bearing interest, for he would have placed the money at interest if he had been paid in cash.

We are of opinion that the evidence does not sustain the decree.

The decree of the District Court is reversed, and the cause remanded, with directions to dismiss the bill.