## J. W. CRANCER & CO. v. WADE.

No. 350.   Opinion Filed July 12, 1910.

(110 Pac. 778.)

**BANKRUPTCY—Action by Trustee—Burden of Proof.** In a suit by a trustee in bankruptcy of the estate of a bankrupt partnership to recover a payment made by the firm to a creditor as a preference, in order for plaintiff to recover, the burden is upon him to show that the firm and the partners also  were insolvent when the payment was made.

(Syllabus by the Court.)

*Error from, District Court, Noble County; Bayard T. Hainer, Judge.*

Action by R. E. Wade, trustee in bankruptcy of Flemming & Ryan, against J. W. Crancer and another, doing business as J. W. Crancer & Co.  From a judgment for plaintiff, defendant brings error.  Reversed and remanded.

*Atwood & Hooper,* for plaintiff in error.
*L. L. Cowley* and *P. W. Cress,* for defendant in error.

HAYES, J. This is an action by R. E. Wade, trustee in bankuptcy of the estate of Flemming & Ryan, a partnership composed of S. S. Flemming and T. F. Ryan, against J. W. Crancer and E. W. Crancer, to recover the sum of $1,200 as a payment made to defendants by the bankrupts within four months of the adjudication of the partnership as bankrupts. The payment was made to discharge a debt due by the bankrupt partnership to the defendants. Plaintiff's petition contains the usual averments seeking to recover a payment as a voidable preference under the bankruptcy act. The answer denies the material averments of the petition. The cause was tried to the court without a jury, who found generally in favor of plaintiff, and rendered judgment for the amount sued for and interest thereon.

The assignments of error urged on this appeal are in effect that the judgment of the court is not sustained by the evidence, because, first, it was not proved that at the time the payment was made to defendants the firm of Flemming & Ryan as a partnership was insolvent; second, that it was not proved that at said time the individuals composing said partnership were insolvent; and, third, that the evidence fails to establish that at said time defendants had reasonable cause to believe that the debtors intended by the payment to give defendants a preference. The burden of proof in the trial court was upon plaintiff, defendant in error here, to show the elements of an avoidable preference. In order to be entitled to recover, it was necessary for him to prove that the bankrupts while insolvent within four months of the bankruptcy made a transfer of their property, and that defendants receiving said property were thereby enabled to obtain a greater percentage of their debt than other creditors of the same class; and that, when they received the payment, they had reasonable cause to believe that it was thereby intended to give to them a preference. Bankr. Act, par. 60, cls. "a" and "b" (Act July 1, 1898, c. 541, 30 Stat. 562 [U. S. Comp. St. 1901, pp. 3445, 3446]).

It is admitted that the payment was made to defendants within four months of the bankruptcy, but an examination of the evidence discloses that plaintiff failed in the court below to show

that the partnership as an entity was insolvent at the time the payment was made or that the individuals composing said partnership were insolvent at that time. Section 1, cl. 15, Bankr. Act 1898, defines insolvency as follows:

"A person shall be deemed insolvent within the provisions of this act, whenever the aggregate of his property shall not at a fair valuation be sufficient in amount to pay his debts."

The definition of this term fixed by the statute must be strictly adhered to, and under it one is not required to be able to realize from his property at the time of the alleged preference a sufficient amount to pay his debts; but, if a fair valuation of his property at that time is sufficient to pay his debts, he is solvent. *Duncan v. Landis,* 106 Fed. 839, 45 C. C. A. 666. There is no controversy in this case in so far as there is any evidence relative to the assets of the bankrupt partnership and as to the amount of its liabilities. It is admitted by all the parties that, on the day defendants received payment on their account, the stock of merchandise then owned by the partnershp was sold for the sum of $2,000 in cash; and it is not questioned that the price received was the fair market value. The evidence further discloses that the firm at that time had accounts in value ranging from $700 to $800. None of the witnesses fixed the exact amount of the accounts, but no witness fixed the amount of the accounts at less than $700.00. They were new accounts, and, so far as the evidence discloses, collectable. The total assets of the partnership therefore amounted to at least $2,700, taking the accounts at the lowest estimate. If we take them at the highest estimate, the amount of the assets would be $2,800. It is admitted that the indebtedness of the firm at that time consisted of an account of $1,200 due to defendants, and accounts to other persons and firms in the total amount of $1,474.44, making the total liabilities of the firm the sum of $2,674.44, or $25.56 less than the value of the assets of the firm, considering the accounts at the lowest estimated value. It therefore follows that, if the burden upon plaintiff was to show only the insolvency of the partnership at that time, he failed to make his case. But, if plaintiff had not failed to show

the insolvency of the firm, he would not be entitled to recover for the further reason that the evidence fails to show the amount of property owned by one of the individuals composing the bankrupt partnership, or the amount of his liabilities at the time the alleged preferential payment was made. The members of the partnership are liable individually for the partnership debts. If those members or any of them are solvent, creditors may obtain payment in full of their accounts, and the payment made by the partnership to defendants did not result in defendants' receiving a greater percentage of their debts than other creditors of the same class could and would receive when their remedy against the solvent members of the firm is enforced. Upon this question, in *Tumlin v. Bryan,* 165 Fed. 166, 91 C. C. A. 200, 21 L. R. A. (N. S.) 960, the Circuit Court of Appeals of the Fifth Circuit said:

"As each member of the partnership is liable individually for the partnership debts, it seems to follow that, to show such insolvency as to entitle the trustee to recover, the insolvency of the members of the firm should be proved. If a condition exists whereby all diligent creditors may obtain payment in full, it seems useless and unjust to sustain a suit against a defendant who has only collected what was due to him. It is true that a partnership may be treated as an entity, separate from its individual members, for the purpose of its adjudication as bankrupt [citing authorities]; but in a suit to recover a preference it is not only the insolvency of an intangible entity, but the insolvency of its responsible component parts, that lies at the foundation of the right to relief. If the component parts of the firm may be made to pay the firm's debts, the suit lacks reason and substance, and it cannot be held that the defendant has obtained a greater percentage of his debt than other creditors of the same class. If the members of the firm are solvent, all creditors may be paid in full. If the individual members of the partnership are not shown to be insolvent at the date of the payments, the preference is not voidable."

Since the insolvency of a partnership and the individuals composing it are essential elements of an avoidable preference made by a partnership and the record fails to disclose such insolvency, it is unnecessary to review the evidence for the purpose of determin-

ing whether defendants had reasonable cause to believe that the payment made was intended to give them a preference.

The judgment of the trial court is. reversed, and the cause remanded.

All the Justices concur.