WASHINGTON COTTON CO. et al. v. MORGAN & WILLIAMS et al.

(Circuit Court of Appeals, Fifth Circuit. November 3, 1911.)

No. 2,201.

BANKRUPTCY (§ 58*) — ACTS OF BANKRUPTCY — PREFERENTIAL TRANSFER OF PROPERTY—"PREFERENCE."

    A partnership did not commit an act of bankruptcy by giving a "preference," within Bankr. Act July 1, 1898, c. 541, § 3a(2), 30 Stat. 546 (U. S. Comp. St. 1901, p. 3422), by paying certain creditors in full, although at the time its liabilities exceeded its assets, where its members, who all resided within the jurisdiction, were amply solvent and worth many times the amount of the partnership debts.

    [Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 58.*

    For other definitions, see Words and Phrases, vol. 6, pp. 5498–5499; vol. 8, p. 7759.]

Appeal from the District Court of the United States for the Northern District of Georgia.

In the matter of Morgan & Williams, a partnership, alleged bankrupts. From an order dismissing the petition in involuntary bankruptcy, the Washington Cotton Company and others, creditors, appeal. Affirmed.

Thomas F. Green and Edwin K. Lumpkin, for appellants.

Wm. E. Simmons and G. A. Johns, for appellees.

Before PARDEE and SHELBY, Circuit Judges.

---

PER CURIAM. The Washington Cotton Company, a Georgia corporation, presented its petition in the court below to have the firm of Morgan & Williams, a partnership consisting of A. S. Morgan and J. S. Williams, declared a bankrupt. The petition contained the usual averments, showing the indebtedness of the firm and that petitioner was a creditor. The alleged act of bankruptcy was that the firm, within four months of the filing of the petition, had transferred a portion of its property to named creditors with the intent to prefer said creditors over other creditors. The evidence showed that the firm had, as alleged, paid certain creditors in full, and that the debts of the firm were slightly in excess of the firm's assets; but it was also shown that the individual members of the firm, all residing within the jurisdiction of the court, were amply solvent—that their property was sufficient to pay more than ten times all of their debts, individual and partnership. The relevant parts of the bankruptcy act are as follows:

It is made an act of bankruptcy to have—

"transferred, while insolvent, any portion of his property to one or more of his creditors with intent to prefer such creditors over his other creditors." Section 3a, Bankr. Act 1898.

"A person shall be deemed to have given a preference if, being insolvent, he has, within four months before the filing of the petition, or after the filing of the petition and before the adjudication, procured or suffered a judgment to be entered against himself in favor of any person, or made a transfer of any of his property, and the effect of the enforcement of such judgment or transfer will be to enable any one of his creditors to obtain a greater percentage of his debt than any other of such creditors of the same class. * * *" Section 60a, Bankr. Act 1898.

The property of the individual members of the firm, after the payment of the debts of the individual members, is liable to the satisfaction of the firm's debts. It appears from the evidence, therefore, that all of the creditors of the firm could collect their claims in full. The creditors which the firm had paid as alleged were not enabled to obtain any "greater percentage" of their claims than any other creditors, for all can be paid in full. This fact alone, without referring to others commented on by the learned District Judge, fully sustains the decree dismissing the petition. Tumlin v. Bryan, 165 Fed. 166, 91 C. C. A. 200, 21 L. R. A. (N. S.) 960.

The decree of the District Court is affirmed.