JOHNSON v. DISMUKES.

(Circuit Court of Appeals, Fifth Circuit. April 14, 1913.)

No. 2,436.

BANKRUPTCY (§ 178*)—PREFERRED CLAIMS—MORTGAGE—FRAUD AS TO CRED-
ITORS.

Bankrupt, while insolvent, applied to claimant, who was an entire
stranger, for a loan of $6,000 secured by mortgage on his stock of mer-
chandise in two stores in the same city. Claimant glanced at the stock,
and, ascertaining that there were no liens of record made the loan,
accepted the mortgage and paid over the money, the proceeds of which
the bankrupt used to pay his bank and kinsmen matured debts due
them, the effect of which was to prevent payment of other creditors and
precipitate bankruptcy, which immediately followed. *Held*, that the
claimant was not a bona fide purchaser, and that the mortgage was
fraudulent and void as against creditors under Bankr. Act July 1, 1898,
c. 541, § 67e, 30 Stat. 564 (U. S. Comp. St. 1901, p. 3449).

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 221, 264–
274, 283, 284; Dec. Dig. § 178.*]

Pardee, Circuit Judge, dissenting.

Appeal from the District Court of the United States for the North-
ern District of Georgia; Wm. T. Newman, Judge.

Claim of Cliff R. Johnson against the estate in bankruptcy of one
Thweatt. From an order (199 Fed. 319) affirming a referee's order
disallowing the claim as preferred on objections filed by R. E. Dis-
mukes, trustee, plaintiff appeals. Affirmed.

Before PARDEE and SHELBY, Circuit Judges, and SHEPPARD,
District Judge.

Hatcher & Hatcher, of Columbus, Ga., and Atkinson & Born, of
Atlanta, Ga., for appellant.

Slade & Swift and Love & Fort, all of Columbus, Ga., for appellee.

SHEPPARD, District Judge. This is an appeal from the District
Court of the Northern District of Georgia affirming the finding of the
referee on a state of facts very similar to that considered in the case
of Lumpkin v. Foley, Trustee, 204 Fed. 372, at this term. About the
only difference is stated in the opinion of the District Judge, and con-
sists in the fact that in the Lumpkin Case the bankrupt, in addition
to mortgaging its stock of goods in trade, transferred to the claimant,
Lumpkin, all its choses in action, notes and accounts due it. In the
instant case the bankrupt mortgaged to Johnson his stock of mer-
chandise in trade, kept in different stores in the same city. Thweatt,
the bankrupt, used all the proceeds of the loan from Johnson, $6,000,
to pay his bank and kinsmen debts due them, which, however, had all
matured.

Both the referee and judge below found from the evidence: That
Thweatt, the bankrupt, was on the date of the transfer "clearly in-
solvent," and that the act of the transfer was to hinder, delay, and de-

fraud his creditors. That the transaction was hastily consummated after Bowden, Johnson's attorney, made known Thweatt's present need for "money in his business," which appears from the testimony not to have been applied to the business. That Johnson, the claimant, was an entire stranger to Thweatt, and made no investigation of the value of the assets, except to take a glance look at the stocks in the two stores. He was not concerned as to whether the goods had been paid for—it was "none of his business"—except to see that there were no liens of record. The referee and District Judge both say that the circumstances of the transaction were sufficient to put Johnson on inquiry, and investigation, if made, would have disclosed these "undisputed facts": First, that it was Thweatt's purpose to use the money to pay two creditors only and "to leave the others wholly unprovided for"; second, that Johnson's idea was that, if he did not know anything, he would be responsible for nothing. The judge approved the findings of the referee: First, that Thweatt was insolvent; second, that the mortgage was intended to hinder and delay, if not to defraud; third, that the facts and circumstances accompanying the transaction were calculated to put Johnson on inquiry. The judge, however, could not discover any actual fraud on the part of Johnson, and puts his approval on the findings of the referee on paragraph 2 of section 3224 of the Georgia Civil Code 1910, holding that there was sufficient in the facts and circumstances in the transaction to have excited Johnson's suspicion.

We are of the opinion that the findings of fact by the referee, and approved by the judge, based upon the evidence, avoids the title of Johnson under subdivision "e" of section 67 of the Bankruptcy Act of 1898, viz.:

"e. That all conveyances, transfers, assignments, or incumbrances of his property or any part thereof, made or given by a person adjudged a bankrupt under the provisions of this act subsequent to the passage of this act and within four months prior to the filing of the petition, with the intent and purpose on his part to hinder, delay or defraud his creditors, or any of them, shall be null and void as against the creditors of such debtor, except as to purchasers in good faith and for a present fair consideration; and all property of the debtor conveyed, transferred, assigned, or incumbered as aforesaid shall, if he be adjudged a bankrupt, and the same is not exempt from execution and liability for debts by the law of his domicile, be and remain a part of the assets and estate of the bankrupt and shall pass to his said trustee, whose duty it shall be to recover and reclaim the same by legal proceedings or otherwise for the benefit of the creditors."

Our reasons for this view of the questions involved are expressed in the analogous case of Lumpkin v. Foley, Trustee, and this case is decided on the authority of that case.

We find no reversible error in the decree of the District Court, and it should be affirmed.

It is so ordered.

PARDEE, Circuit Judge. I dissent both on the facts as found and the law of the case, and I reserve the right to file an opinion on both as time may permit.