## VAUGHAN v. REEVES.   (No. 2557.)

(Court of Civil Appeals of Texas. Texarkana.
May 12, 1922.   Rehearing Denied
June 1, 1922.)

1. **Bankruptcy ⬧304—Peremptory instruction for trustee in action to recover refund of purchase price of stock held reversible error.**

Where the evidence was insufficient to show that a joint-stock association operating under a declaration of trust was insolvent when an agreement by its trustees to rescind a sale of stock was made more than four months before it was adjudged bankrupt or when the refund was paid, or that the purchaser knew, or had reasonable cause to know, that the association was indebted or insolvent at any time prior to adjudication, and that a preference was intended or would result from such agreement and payment, a peremptory instruction for the trustee in bankruptcy, in an action to recover the amount paid, was reversible error, though the purchase price was not refunded until less than four months before adjudication.

2. **Bankruptcy ⬧303(1)—Trustee must prove elements of voidable preference.**

To recover a payment made less than four months prior to adjudication in bankruptcy, the burden is on the trustee to show the elements of a voidable preference.

Appeal from Denton County Court; E. I. Key, Judge.

Action by J. H. Reeves, as trustee in bankruptcy of the United Food Distributing Company, against G. F. Vaughan. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

The United Food Distributing Company is a joint-stock association operating under a declaration of trust. On March 4, 1920, the appellant subscribed and paid $500 cash for 50 shares of stock of the association. The shares were delivered on March 10, 1920. The appellant, as he claims, was induced to purchase the shares of stock through certain representations, relied on by him, of the selling agent. On April 1, 1920, the appellant, claiming the statements made to him were false, wrote the trustees of the association, insisting on a rescission of the sale and demanding the return of his money. After a conference between the appellant and trustees of the association and the attorneys, wherein the complaint of appellant was discussed, it was agreed that the trustees would refund appellant his $500 paid for the shares of stock. Appellant made several demands for the payment; and on October 10, 1920, the trustees of the association, having charge of the funds of the association, paid appellant the $500. On November 4, 1920, the United Food Distribution Company was adjudged a bankrupt. The appellee, as the duly qualified and acting trustee in bankruptcy, brought the suit against appellant to recover the $500

and interest, alleging: (1) That the payment so made to appellant was made "in fraud of creditors and other shareholders"; (2) that the company was adjudged a bankrupt on November 4, 1920, and was at the time of such repayment insolvent and had been for a long time prior thereto; and (3) that the payment was made within less than four months prior to the date of adjudication in bankruptcy, and was intended to and did operate as a preference to appellant, and that appellant, his agents and attorneys, "had knowledge of the insolvency of said company and had notice of such facts as would put them upon inquiry, which, if diligently pursued, would have led to knowledge of the insolvency of the said company."

The appellant answered by denial and specially setting up the facts concerning the purchase of the stock, rescission for fraud, want of knowledge of insolvency, and the authority of the trustees to make the refund of the money, all more fully pleaded in the answer.

After hearing the evidence the court gave the appellee's requested special peremptory instruction to find a verdict in his favor.

Sullivan, Speer & Minor, of Denton, for appellant.

Hopkins & Jackson, of Denton, for appellee.

LEVY, J. (after stating the facts as above). [1, 2] The appellant predicates error in giving the requested peremptory instruction of appellee. That the trustees of the company and appellant agreed to a rescission in April, 1920, of the sale of the stock made to appellant in March, 1920, and that the purchase price of the stock was refunded to him on October 10, 1920, are not denied. It is further fully established by proof that the company, operating under a qualified trust agreement, was adjudged a bankrupt on November 4, 1920. It is not established, though, we think, by competent and admissible evidence, that the company or association was insolvent either at the time when the agreement of rescission was made or at the time when the refund was paid. Neither do all the circumstances of the case tend to the irresistible conclusion of fact that the appellant or his agent knew or had reasonable cause to know that the company was indebted or insolvent at any time prior to the date of adjudication of bankruptcy, and that a preference was intended or would result from his agreement and the resulting payment made to him. Therefore, in view of the evidence, it is believed that there was reversible error in giving the peremptory instruction. The burden of proof was upon the trustee in bankruptcy to show, in order to recover, the elements of a voidable preference. R. C. L. p. 285; Pyle v. Transportation Co., 238 U. S. 90, 35 Sup. Ct. 667, 59 L. Ed. 1215; Tumlin

v. Bryan, 165 Fed. 166, 91 C. C. A. 200, 21 L. R. A. (N. S.) 960; Grandison v. Bank, 231 Fed. 800, 145 C. C. A. 620.

Reversed and remanded.