## MacDONALD v. HAYNES.

No. 14694—Opinion Filed April 15, 1924.

**1. Bankruptcy—Voidable Preference—Elements—Failure of Proof.**

The failure of a trustee in bankruptcy suing to recover a payment as a voidable preference to prove the bankrupt's insolvency at date of payment results in failure to prove that defendant creditor had reasonable cause to believe the bankrupt was insolvent at the time of payment.

**2. Same—Burden of Proof—Bankrupt Partnership.**

In a suit by a trustee in bankruptcy of the estate of a bankrupt partnership to recover a payment made by the firm to a creditor as a preference in order for plaintiff to recover, the burden is upon him to show that the firm, and the partners' also, were insolvent when the payment was made.

**3. Same—Insufficiency of Evidence.**

Record examined, and held, that the court did not err in sustaining the demurrer to the plaintiff's evidence and in instructing the jury to return a verdict for the defendant.

(Syllabus by Pinkham, C.)

Commissioners' Opinion, Division No. 5.

Error from District Court, Bryan County; Porter Newman, Judge.

Action by John A. MacDonald against E. T. Haynes. From a judgment in favor of the defendant, plaintiff brings error. Affirmed.

W. E. Utterback and D. S. MacDonald, for plaintiff in error.

Hatchett & Ferguson, for defendant in error.

Opinion by PINKHAM, C. This suit was instituted in the district court of Bryan county on the 20th day of April, 1922, by the plaintiff in error, John A. MacDonald, trustee in bankruptcy, against the defendant in error, E. T. Haynes, to recover the sum of $2,000, in which the plaintiff alleges that he was the duly appointed, qualified, and acting trustee for the Crescent Drug Company, a copartnership composed of G. W. Lindley and M. H. McDaniel, and for G. W. Lindley, an individual.

The petition further alleged, in substance, that the Crescent Drug Company, a copartnership, and G. W. Lindley, an individual, duly instituted a voluntary bankruptcy proceeding in the United States District Court for the Eastern District of Oklahoma; that thereafter an adjudication of bankruptcy was made by R. McMillan, referee, and by Hon. R. L. Williams, Judge.

Plaintiff further alleged that on the 30th day of November, 1921, the Crescent Drug Company was owned exclusively by G. W. Lindley, and that the said Lindley was at that time insolvent; that the defendant, Haynes, was one of his creditors and knew of the insolvent condition of Lindley; that on the 30th day of November, 1921, the said Lindley sold an undivided one-half interest in his business unto one McDaniel; that after making said sale the said Lindley paid to the said E. T. Haynes the sum of $2,000, which was paid as a preference and was received by the said Haynes with full knowledge that the said Lindley was insolvent.

The answer of the defendant, E. T. Haynes, consisted of a general denial.

The cause was tried before the court and jury. At the conclusion of the plaintiff's evidence the defendant entered a demurrer to the evidence, which was by the court sustained, and the jury was instructed to return a verdict for the defendant. Judgment was rendered in accordance with the verdict. Motion for new trial was overruled, exceptions saved, and the cause comes regularly on appeal to this court.

The decisive question to be determined is whether the plaintiff's evidence disclosed by the record in this case shows that at the time of the payment of G. T. Lindley to the defendant, Haynes, of $2,000, it constituted a voidable preference under the federal statutes governing the case. (Section 60-b, National Bankruptcy Act, 1 Fed. Stat. Ann. [2nd Ed.] 1026; 32 Stat. L. 800, 36 Stat. L. 842.)

The preference consists in a person (1) while insolvent, and (2) within four months of the bankruptcy, (3) procuring or suffering a judgment to be entered against himself or making a transfer of his property, (4) the effect of which will enable one creditor to obtain a greater percentage of his debt than any other creditor of the same class. Such a preference is voidable at the instance of the trustee, if (5) the person receiving it or to be benefited thereby has (6) reasonable cause to believe that the enforcement of the judgment or transfer will result in a preference.

If any of these elements is wanting a preference cannot be set aside if otherwise valid under the state law. Collier on Bankruptcy (13th Ed.) 1923, vol. 2, 1248.

There must be proof, both of insolvency of the bankrupt at the time of the transfer and reasonable cause to believe that such transfer would effect a preference. Ky. Bank & Trust Co. v. Pritchard, 44 Okla. 87, 143 Pac. 338.

But even though the creditor knows the debtor to be for the moment insolvent in the sense of the statute, yet if he honestly supposes that some of his assets, worthless for the moment, will, if he be allowed to continue, realize enough to pay the debts in full, such knowledge of insolvency is not enough to show a reasonable cause to believe that the transfer would effect a preference. Subsequent knowledge of the creditor that the debtor was at the time of the preference insolvent is not material. Wrenn v. Citizens National Bank (Conn.) 114 Atl. 120; Collier on Bankruptcy (13th Ed.) 1923, vol. 2, page 1307.

The burden of showing that the person receiving the preference had knowledge or reasonable cause to believe that the debtor was insolvent is upon the trustee.

It is well settled by a long line of decisions in the federal courts and in many state courts that where there is no evidence tending to show that a creditor had reasonable cause to believe that payment made by the bankrupt would result in a preference a recovery cannot be had.

The law presumes that such payments are legal and the burden of proof is on the trustee seeking to recover them to

overcome this presumption and establish the essential elements of a voidable preference.

He must prove the insolvency of the debtor at the time the security was given or the transfer made or recorded. And he must also prove the existence of the "reasonable cause to believe" and that the payment diminished the estate of the bankrupt.

All this must be done by a fair preponderance of all the evidence in the case, and, where inferences from proved facts are to be drawn, the rule obtains that if two inferences of substantially equal weight may reasonably be drawn from the proved facts then that inference shall prevail which sustains the transfer or security.

The authorities in support of this rule are cited in Collier on Bankruptcy (13th Ed.) vol. 2, at page 1328, which cases include Ky. Bank & Trust Co. et al. v. Pritchard, supra.

The controlling facts briefly stated are as follows:

That on or about the 29th day of November, 1921, the said Lindley, who, at that time, was the sole owner of a drug store which he operated under the name of the Crescent Drug Company, sold a one-half interest in his said business to one M. H. McDaniel, for $4,000, and deposited the same in the Durant National Bank.

On the same date the defendant's account at the said bank was credited with the sum of $2,060, and on the same date Lindley's account was charged with the same amount. It appears that Lindley, after the payment of his indebtedness of $2,000 to the defendant, had on deposit at the bank $1,940, and a stock of goods and a presumably solvent partner, the said M. H. McDaniel.

Long after this transaction, and on the 13th day of February, 1922, the petition of voluntary bankruptcy was filed by the Crescent Drug Company, a firm composed of the said G. W. Lindley and M. H. McDaniel, and also the petition of voluntary bankruptcy by G. W. Lindley, individually. There was no voluntary petition filed by the said M. H. McDaniel.

G. W. Lindley, as stated, filed his individual petition in bankruptcy along with the firm petition and scheduled the same indebtedness as did the firm, the Crescent Drug Company.

The firm's petition in bankruptcy scheduled total liabilities of about $9,000, besides taxes, in which is included an indebtedness of $2,400 to the American State Bank of Durant, Okla., which a representative of that bank testified was paid by Lindley, himself.

The firm schedules assets as follows: stock in trade, $3,000; fixtures in store $2,000; debts due on open accounts, $250; making a total of $5,250.

Loveland, in his work on Bankruptcy (3rd Ed.) page 187, says:

"In computing the assets of the debtor to determine his solvency or insolvency all his property which has value should be included. It has been held that in determining the question of solvency there should be included property * * * transferred in payment of or as security for just debts irrespective or whether it constitutes a preference or not. But where property is transferred in fraud of creditors the statute contemplates that the bankrupt shall not have the benefit of its valuation in determining whether he is solvent."

Assuming the fact to be that the evidence establishes Lindley's insolvency at the time of the adjudication in February, 1922, it falls far short of proof of his insolvency on the 29th day of November, 1921. The fact that after McDaniel went into the business as partner and carried on the business for some three months, that the assets as listed in the bankruptcy court were less than the liabilities, furnishes no evidence of insolvency at the time the sale was made to McDaniel, and at the time the defendant received the payment of $2,000.

It is the contention of the plaintiff that Lindley was insolvent on the date of his payment to the defendant, although the facts are, as disclosed by the record, that on that date he made the sale of a half interest in his drug store business subject to all of its debts to the said McDaniel for the sum of $4,000, and received the cash therefor.

Furthermore, the burden was upon the plaintiff, the trustee in bankruptcy, to prove that the defendant, Haynes, on the date that he received payment, must have known or had reasonable cause to believe that Lindley was insolvent.

The bankruptcy law requires as conditions for recovery by the trustee in an action of this kind against the preferred creditor that he shall prove "first, the insolvency of the bankrupt at the time of the transfer; and second, that the person receiving the preference 'shall then have reasonable cause to believe that * * * the transfer would ef-

fect a preference.' Subsequent knowledge of the creditor is not material, and it does not matter what the debtor knew." Wrenn v. Citizens National Bank (Conn.) 114 Atl. 120.

It does not appear that these two essential elements of a voidable preference have been proved.

Testimony was produced on the part of the trustee to the effect that the defendant made the statement on several occasions, that Lindley's affairs were not in good condition, but it appears that at or about the time of making such statement a change took place in Lindley's affairs in this; that he sold a half interest in his business, subject to all his debts, to the said McDaniel, and received therefor $4,000, out of which sum he paid his indebtedness to the defendant in the amount of $2,000.

There is no evidence to show that the sale to McDaniel was other than a fair, voluntary transaction between the parties; there is no evidence of any fraud practiced upon McDaniel or that he is other than a business man of experience. And there is nothing in the record to show that Lindley owed any debts other than the indebtedness of the Crescent Drug Company, with the exception of what he owed to the defendant; and in this connection it may be said that in order to prove Lindley insolvent it was necessary for the plaintiff to prove that on the 29th day of November, 1921, the date of the payment to the defendant, that M. H. McDaniel, Lindley's partner, was also insolvent.

In the case of Crancer & Company v. Wade, 26 Okla. 757, 110 Pac. 778, the first paragraph of the syllabus is as follows:

"In a suit by a trustee in bankruptcy of the estate of a bankrupt partnership to recover a payment made by the firm to a creditor as a preference, in order for plaintiff to recover, the burden is upon him to show that the firm and the partners also were insolvent when the payment was made."

In the case of Rodolf, Trustee, v. First National Bank of Tulsa, 30 Okla. 631, 121 Pac. 629, it is said:

"In a suit by the trustee in bankruptcy of a partnership to recover a voidable preference knowingly obtained by a creditor, as defined in the foregoing sections, to authorize a recovery, it must be shown that the firm and the partners individually were also insolvent at the time the judgment was suffered to be entered against it."

In view of the conclusion we have arrived that it is unnecessary to consider the ques-

tion discussed in the briefs of both parties as to whether G. W. Lindley was ever adjudicated a bankrupt, by reason of the fact disclosed by the record that the referee in bankruptcy was permitted to insert in the original order adjudicating the Crescent Drug Company bankrupt, the name of G. T. Lindley, which, as stated by the referee, had been omitted from the original order.

On the whole record we are of the opinion that the court did not err in sustaining the demurrer to the plaintiff's evidence and in instructing the jury to return a verdict for the defendant.

We think the judgment of the trial court should be affirmed.

By the Court: It is so ordered.