## GRAND RAPIDS DRY GOODS CO. v. OSTENDORF.

### In re BERNHARD & PLAG.

(Circuit Court of Appeals, Sixth Circuit. July 17, 1925.)

### No. 4149.

**I. Bankruptcy** ⟨⟩⟩303(3) — **Evidence held to show payments to creditor after filing of bankruptcy petition were made from bankrupt's estate.**

Evidence *held* to warrant finding that payments to creditor, after filing of bankruptcy petition, made from money in bank account of bankrupt's wife, were in fact made from bankrupt's estate, though such evidence would have sustained different conclusion.

**2. Bankruptcy ⟜168—Creditor, taking transfer or payment after filing of bankruptcy petition and on account of pre-existing debt, takes it subject to avoidance by trustee.**

Creditor, taking transfer or payment after filing of bankruptcy petition and on account of pre-existing debt, takes it subject to avoidance by trustee, if and when appointed, in view of Bankruptcy Act, §§ 60b, 70 (Comp. St. §§ 9644, 9654).

**3. Bankruptcy ⟜166(1)—Trustee held entitled to recover from creditor payments made after filing of petition in bankruptcy.**

In view of Bankruptcy Act, §§ 60b, 70 (Comp. St. §§ 9644, 9654), trustee *held* entitled *to* recover from creditor payments made from bankrupt estate after petition in bankruptcy was filed; the question of creditor's knowledge of the filing of the petition being immaterial.

In Error to the District Court of the United States for the Southern Division of the Western District of Michigan; Clarence W. Sessions, Judge.

Action by Bernard Ostendorf, as trustee in bankruptcy of Bernhard & Plag, a copartnership, bankrupt, against the Grand Rapids Dry Goods Company. Judgment for plaintiff, and defendant brings error. Affirmed.

Paul O. Strawhecker, of Grand Rapids, Mich. (Ward & Strawhecker, of Grand Rapids, Mich., on the brief), for plaintiff in error.

Geo. S. Norcross, of Grand Rapids, Mich. (Addison A. Keiser, of Ludington, Mich., on the brief), for defendant in error.

Before DENISON, DONAHUE, and KNAPPEN, Circuit Judges.

PER CURIAM. The trustee recovered judgment against defendant below (plaintiff in error here) for moneys alleged to have been paid by bankrupts to defendant (after the filing of bankruptcy petition, but before adjudication) on account of a pre-existing indebtedness. Defendant admits that the payments were made in the amounts, at the times, and in the situation alleged, but asserts that they were made, not from the bankrupts' estate, but voluntarily, by the wife of one of the bankrupts, from her own funds.

[1] There was testimony that on April 11, 1921, the bankrupts' bank account was garnisheed by a creditor; that for more than three months thereafter no deposit was made in that account; that two days after the garnishment an account in the wife's name was opened at the same bank; that the wife never had personal possession of her bank passbook and never made out deposit slips for her account; that moneys taken in at the store, which bankrupts continued to operate, not only until filing of the bankruptcy petition (five days after the garnishment), but until the adjudication, which occurred nearly eight months later (there was no receivership), were deposited in this bank account of the wife; that the payments to defendant (totaling slightly more than $600) were made through checks on this account—one between April 25 and 30, the other between July 1 and 5, 1921. While substantial collections of rent belonging to the wife went into her bank account, the deposits therein from April 13th to April 30th apparently amounted to upwards of $3,700, more than $3,000 of which was currency, and from May 11th to July 5th the deposits totaled nearly $4,000, of which $2,300 was currency. While the financial showing was meager, and not completely satisfactory, it would seem fairly open to inference that the bulk of the currency was taken "in at the store, from the business," and that the wife's moneys were but a comparatively small fraction of the total deposits. If so, there was substantial testimony tending to sustain the conclusion that the payments in question were made from the bankrupts' estate. The verdict in this respect must therefore be accepted, even though the testimony might have sustained a different conclusion. We cannot weigh the testimony.

[2, 3] The record shows that through such payments (if made from the bankrupts' estate) defendant received a greater percentage than other creditors of the same class. The judgment, therefore, must stand, unless the fact that, when the payments were made, defendant was not aware of the bankrupts' insolvency, or of the filing of the bankruptcy petition, relieves it from liability.

While the limitation in section 60b of the act (Comp. St. § 9644), which provides for avoiding preferential transfers, of reasonable cause to believe that the enforcement of the transaction would effect a preference, in terms applies not only to transfers within four months *before* bankruptcy, but to those made *after* the filing of petition in bankruptcy, but before adjudication, that section must be considered in connection with section 70 (Comp. St. § 9654), which, as judicially construed, puts the bankrupts' estate constructively in custody of the law from the time the bankruptcy petition is filed, and upon adjudication of bankruptcy renders *voidable* by the trustee the transfers made after the bankruptcy petition is filed and before adjudication, with the result that by the general rule a creditor taking a transfer or payment after bankruptcy petition filed, and

on account of a pre-existing debt, does so at the peril of having the same avoided by a trustee, if and when appointed.

This conclusion is supported by the decisions of this court. Toof v. City Nat. Bank, 206 F. 250, 124 C. C. A. 118; Mass. Bonding, etc., Co. v. Kemper, 220 F. 847, 136 C. C. A. 593; Citizens' Bank v. Johnson (C. C. A.) 286 F. 527, 31 A. L. R. 255; In re Dayton Coal & Iron Co. (D. C.) 291 F. 390. In the Toof Case we held that the payment of the bankrupt's debt to the bank from moneys deposited after the filing of bankruptcy petition was unauthorized, and that it was immaterial whether either the bank or the bankrupt knew that the petition had been filed. That proposition rules the instant case. There is no inconsistency between the holding referred to and the protection given the banker in the Johnson Case against good-faith payments of bankrupt's checks to third parties before adjudication, and without knowledge of existing bankruptcy petition, or the protection given in the Toof Case to an application of a depositor's credit balance existing at the time bankruptcy petition was filed against an indebtedness then owing the bank. Whether or not the rule in the Toof Case implies that the creditor is conclusively presumed to know that the bankruptcy petition has been filed is not of controlling importance.

Whether or not, in an action to recover preferential payments during the four months period *before* bankruptcy, proof of the insolvency of the individual partners, as well as of the partnership, is essential (see Tumlin v. Bryan, 165 F. 166, 91 C. C. A. 200, 21 L. R. A. [N. S.] 960; Washington Cotton Co. v. Morgan, 192 F. 310, 112 C. C. A. 568), no reason therefor appears where the transfer is made from a bankrupt's estate then in custody of the law.

In respect of the other matters complained of, no error is apparent.

The judgment of the District Court is affirmed.