### MARSHALL v. FLORIDA NAT. BANK OF JACKSONVILLE.

**No. 9342.**

Circuit Court of Appeals, Fifth Circuit.

June 5, 1940.

David J. Lewis, of Jacksonville, Fla., for appellant.

J. W. Harrell, of Jacksonville, Fla., for appellees.

Before HUTCHESON, HOLMES, and McCORD, Circuit Judges.

McCORD, Circuit Judge.

On April 8, 1933, an involuntary petition in bankruptcy was filed against East Coast Preserving Company, a Florida corporation. The corporation was adjudicated a bankrupt, a trustee was appointed, and claims were filed by creditors. This appeal by the trustee is from a judgment of the district court approving and confirming an order of the referee allowing the claim of Florida National Bank of Jacksonville as a secured claim, with interest from September 21, 1934, as evidenced by certain duly recorded mortgages on real and personal property belonging to the bankrupt company.

The record shows that East Coast Preserving Company was organized in 1926 and afterwards engaged in producing and manufacturing fruit juices, marmalades, jams, and jellies. For several years immediately preceding 1933 the company suffered severe business reverses. Early in 1933 a new management took charge of the affairs of the company and an effort was made to continue the business. The new management negotiated for and obtained a loan of $4,250 from the Florida National Bank and as security for the loan executed mortgages on real and personal property belonging to the company. The mortgages which bore date of April 6, 1933, were promptly recorded.

The $4,250 was borrowed for the purpose of paying delinquent taxes, warehouse storage charges on essential raw materials, attorney's fees in connection with refinancing and reorganization plans, and accrued charges for payrolls. The money was immediately turned over to the East Coast Preserving Company and was used by the management for the payment of these items.

The trustee contends that the court erred in overruling his four objections to the claim of the bank: (1) That the mortgage of the bank was void under Section 6569 of the Florida Compiled General Laws of 1927, and section 57, sub. g of the Bankruptcy Act, 11 U.S.C.A. § 93, sub. g; (2) that the payment of $1356.11 in warehouse storage charges to Union Terminal Warehouse Company constituted a voidable preference in favor of the bank under Section 60, sub. b and 57, sub. g of the act, 11 U.S.C.A. §§ 96, sub. b and 93, sub. g; (3) that the loan was made and the mortgage executed in contemplation of bankruptcy and for the purpose of hindering, delaying, and defrauding creditors, all in violation of the provisions of Section 67, sub. e and sub. d, 11 U.S. C.A. § 107, subs. e and d; and (4) that the trustee was entitled to recover $1,100, the proceeds from the sale of certain assets, which had been paid to the bank on account of its recorded mortgage indebtedness.

The mortgages to the bank were given to secure a present loan of $4,250 in cash and not to secure any antecedent indebtedness. Cooper, president of East Coast Preserving Company, testified that the company had secured the loan for the purpose of paying pressing obligations and with full intention of continuing business. Although the materials in storage were pledged to the bank for a prior indebtedness the money paid by the East Coast Preserving Company to Union Terminal Warehouse company did not operate as a preference in favor of the bank. The materials in storage were valued much in excess of the indebtedness to the bank and payment of the storage charges was vital if the preserving company was to continue its business. Cooper further testified that the payment of the storage charges was for the purpose of benefiting the company and its stockholders. The payment to the warehouse company in no wise diminished the assets of the company,

but on the other hand conserved the valuable merchandise which might have been advertised and sold for meager storage fees. The payment to Union Terminal Warehouse Company was made in the usual course of business and did not constitute a preference voidable under Section 60, sub. b or violate the provisions of Section 6569 of the Compiled General Laws of Florida, 1927. Gilbert's Collier on Bankruptcy, Secs. 1171, 1189; Continental & Commercial Trust & Savings Bank v. Chicago Title & Trust Co., 229 U.S. 435, 33 S.Ct. 829, 57 L.Ed. 1268; First National Bank v. Holt, 6 Cir., 155 F. 100; Tumlin v. Bryan, 5 Cir., 165 F. 166, 21 L.R.A., N.S., 960; Cardozo v. Brooklyn Trust Co., 2 Cir., 228 F. 333.

Section 67, sub. e provides that all conveyances, transfers, or incumbrances made or given by a person adjudged a bankrupt "within four months prior to the filing of the petition, with the intent and purpose on his part to hinder, delay, or defraud his creditors, or any of them, shall be null and void as against the creditors of such debtor, except as to purchasers in good faith and for a present fair consideration * * *." Section 67, sub. d provides that liens given or accepted in good faith and not in contemplation of or in fraud upon the provisions of "this title, and for a present consideration, * * * shall * * not be affected by anything herein."

The evidence makes it clear that there was no intention on the part of either the preserving company or the bank to prefer any creditor or to hinder, delay, or defraud anyone. No fraud is shown and, certainly, fraud will not be presumed. The evidence shows that the mortgage was not executed in contemplation of bankruptcy and that the parties acted in utmost good faith without intention to defeat the provisions of the Bankruptcy Act. 8 C.J.S.Bankruptcy, § 215; Tiffany v. Boatman's Savings Institution, 18 Wall. 375, 85 U.S. 375, 21 L.Ed. 868; Coder v. Arts, 216 U.S. 223, 29 S.Ct. 436, 53 L.Ed. 776, 16 Ann.Cas. 1008; Cf. Lovett v. Faircloth, 5 Cir., 10 F.2d 301; Lumpkin v. Foley, 5 Cir., 204 F. 372; Johnson v. Dismukes, 5 Cir., 204 F. 382.

There is no merit in the contentions of the trustee. The evidence sustains the judgment of the court confirming the order of the referee. The claim was properly allowed as a secured claim.

The judgment is affirmed.