## RIEDELL v. LYDICK.

No. 26167. March 3, 1936.

Suits & Disney and Mary L. Weiss, for plaintiff in error.

Curtis P. Harris, for defendant in error.

CORN, J. This action was originally commenced in the district court of Logan county by J. D. Lydick, as plaintiff, against Charles M. Riedell, doing business under the name and style of Charles M. Riedell & Company, as defendant, the purpose of the action being to quiet the title to his interest in a quarter section of land situated in that county as against a judgment which the defendant held against A. L. Welch, grantor of the deed to Lydick. At the time the deed was executed and delivered the defendant held a judgment against Welch which was rendered in the district court of Oklahoma county, but had not been transcripted to the district court of Logan county and no execution had been levied against the land. As a defense the defendant pleads that the conveyance was made to Lydick without consideration and for the purpose of placing the property beyond the reach of creditors, and particularly the defendant. The trial court rendered judgment in favor of the plaintiff, and the defendant brings this appeal. The parties will be referred to herein as they appeared in the court below.

The only question for determination is whether the deed was taken by the plaintiff in good faith and for an adequate consideration, or whether it was taken under such circumstances as would render it a fraudulent conveyance.

It appears from the record that the defendant had obtained the judgment several months previous to the transfer of the property to plaintiff, and that just prior to the rendition of the judgment the said A. L. Welch had transferred the title to this property to his son, Oscar L. Welch, ostensibly for the purpose of placing it beyond the reach of the judgment creditor. It is conceded by the plaintiff that the transfer from A. L. Welch to his son was void as against the judgment creditor, but plaintiff contends that the equitable title to the land remained in the said A. L. Welch and that he had the right to convey it to plaintiff any time before levied on under execution for the satisfaction of said judgment. Oscar L. Welch joined in the deed with his father to transfer the legal title to plaintiff.

As to the consideration for the deed it appears that the said A. L. Welch had employed Lydick to represent him as attorney in an action for divorce and alimony filed by his second wife, who was not the mother of Oscar L. Welch, and that he contracted to pay a fee of $500 for such services. Welch, not being able to pay the fee in cash, offered Lydick a deed to his undivided one-fourth interest in the quarter section of land in Logan county, and Lydick accepted the deed in payment of his fee.

The trial court heard evidence as to the value of the land and as to the circumstances surrounding the transaction, and found that $500 was a fair and reasonable consideration for the one-fourth interest in the land, and that said sum was a reasonable fee for the services rendered.

This court, by this appeal, is called upon to review and weigh the evidence which was received by the court below, sitting as a court of equity in the trial of said cause, and having done so, we are likewise of the opinion that Lydick acted in good faith in taking the deed and that the sum of $500 was the fair and reasonable value of the property conveyed.

The fact that A. L. Welch had previously conveyed the land to his son without consideration is of no importance in this case, for the reason that the judgment creditor had taken no action to enforce his judgment against the land at the time the deed was made to Lydick. Section 9697, O. S. 1931, does not render the conveyance invalid as against the judgment creditor, unless it appears that the conveyance was made without a fair and valuable consideration, or made in bad faith, or for the purpose of hindering, delaying, or defrauding creditors. Welch had the same right to convey the property to Lydick in payment of his debt to Lydick as he would have had to convey it to Riedell in payment of the judgment. The statutes of this state authorize a debtor to make such preferences of creditors as was made in this case.

Section 10012, O. S. 1931, provides as follows:

"Any person in this state indebted to other persons shall have the right to prefer one or more of such creditors in good faith to secure a valid debt, which preference may be manifested by payment, by mortgages, either real or chattel, or by the transfer of personal property or real estate, and if received by the creditor in good faith, such conveyance or mortgage shall be valid in the hands of the mortgagee and constitute a preference to the extent thereof, subject to the laws relating to the filing and recording of mortgages."

In the case of Brittain, Smith & Co. v. James K. Burnham, 9 Okla. 522, 60 P. 241, this court, in the syllabus, said:

"Under the laws of this territory a debtor in failing or insolvent circumstances has a right to pay one creditor in preference to another or to give to one creditor security in payment of his demand, in preference to another; and if accepted by the creditor in good faith, for the payment or the securing of a subsisting, honest debt, due from the debtor to the creditor, it will be sustained, although it has the effect to delay, hinder, or defeat other honest debts of the debtor."

In the case of Kentucky Bank & Trust Co. v. Pritchett, 44 Okla. 87, 143 P. 338, this court in paragraph 2 of the syllabus said:

"When a debtor is in failing or insolvent circumstances, he has a right to prefer one creditor in preference to another, and if accepted by the creditor in good faith such preference will be sustained, even though it has the effect to delay, hinder, or defeat other creditors."

In the case of Lynn v. Brenner, 145 Okla. 188, 291 P. 509, this court held, as stated in the syllabus:

"A bona fide pre-existing debt owing a wife by her husband forms a fair and valuable consideration for a conveyance, by the husband, of real estate to her in payment of such debt."

The judgment of the trial court, in our opinion, is sustained by the evidence, and it is therefore affirmed.

McNEILL, C. J., OSBORN, V. C. J., and BUSBY and PHELPS, JJ., concur.