STOKES v. RODMAN et al.

*99 P. 2d 499.*

No. 29127.   Jan. 30, 1940.

Rehearing Denied Feb. 20, 1940.

Application for Leave to File Second Petition for Rehearing Denied March 5, 1940.

Geo. C. Crump and H. W. Carver, both of Wewoka, for plaintiff in error.

S. W. Biggers and Marion R. Wells, both of Wewoka, for defendant in error.

BAYLESS, C. J. By her action commenced in the court below, and therein apparently relying upon provisions of section 9697, Okla. St. 1931 (24 Okla. St. Ann. § 10), that "every conveyance of real estate or any interest therein, * * * made without a fair and valuable consideration, * * * shall be void as against all persons to whom the maker is at the time indebted or under any legal liability," Mary Logan Stokes attacked the validity of a conveyance of real estate evidenced by a certain warranty deed covering and describing a 40-acre tract of land situated in Seminole county, Okla., executed by C. M. Rodman and Rosa D. Rodman to Carl G. Rodman. She prayed for cancellation of the deed, and

that the real estate described therein be held subject to levy under execution in her favor. At the trial in the court below, upon issues made, the trial judge sustained a demurrer to the plaintiff's evidence; and said plaintiff, Mary Logan Stokes, has appealed.

In the course of adjudging that the demurrer to the plaintiff's evidence be sustained, the trial judge did not, so far as is disclosed by the record brought up in this appeal, announce the reasoning or theory prompting the decision. However, if it may be said that the trial judge arrived at a correct decision, the reasoning or theory prompting the decision becomes immaterial. Seneca Co. v. Doss, 59 Okla. 149, 158 P. 575; Skelly Oil Co. v. Globe Oil Co., 87 Okla. 225, 209 P. 321; Watson v. Butler, 170 Okla. 350, 40 P. 2d 653.

As we read the record, the plaintiff adduced no evidence tending to show or establish the value of the real estate described in the deed at the time said instrument was executed and delivered to Carl G. Rodman. The deed, according to the copy thereof admitted in evidence at the trial, recites the consideration for the conveyance as being "one dollar, and love and affection"; but said deed also recites to the effect that the conveyance was to be "free, clear and discharged of and from all former grants, charges, taxes, judgments, mortgages and other liens and incumbrances of whatsoever nature except a mortgage for $1,000.00." And it further appears that the defendant Carl G. Rodman was called to the witness stand as a witness on the part of the plaintiff; that in the course of testifying he stated, with respect to the consideration for the conveyance, that, at the time of the execution and delivery of the deed to him, his father, C. M. Rodman, owed him "some money," and "we called it square"; and that the consideration for the conveyance was one dollar and love and affection, and "the money he owed me and the mortgage against the property"; that the mortgage was "still against the place." Thus, in view of the aforementioned recitals set forth in the deed, and the testimony of the

plaintiff's witness, Carl G. Rodman, it becomes apparent that, for comparative purposes, and in order that the issue, whether the real estate described in the deed was in fact conveyed without fair and valuable consideration, could be properly considered and adjudged, it was essential that evidence be adduced by the plaintiff which would tend to show the value of said real estate at the time of the conveyance in question.

We are of the opinion, therefore, that in adjudging that the demurrer to the plaintiff's evidence be sustained the trial judge arrived at the correct decision.

The action of the trial judge in sustaining said demurrer is hereby affirmed.

Affirmed.

WELCH, CORN, HURST, and DAVISON, JJ., concur.