Alva Eugene PARKER, a minor, by his next friends, Annie Potes, his guardian and grandmother, and D. L. Potes, his step-grandfather, and Annie Potes and D. L. Potes, individually, Plaintiffs in Error,

v.

J. I. McCAULEY and C. P. Callaway, Defendants in Error.

No. 40389.

Supreme Court of Oklahoma.

April 7, 1964.

Rehearing Denied May 19, 1964.

Application for Leave to File Second Petition for Rehearing Denied June 23, 1964.

**528**

King & Wadlington, by Carloss Wadlington, Ada, for plaintiffs in error.

Busby, Stanfield & Orton, by W. V. Stanfield, Ada, for defendant in error.

WILLIAMS, Justice.

The action for cancellation of a deed and to establish a judgment lien on certain real estate from which the present appeal arose was initiated by plaintiffs in error, hereinafter referred to as plaintiffs, in the District Court of Pontotoc County, against defendants in error, hereinafter referred to by name.

The facts are not disputed. In 1946 Mr. Callaway acquired the real estate here involved. In 1955 he executed a mortgage thereon to Mr. McCauley. In January, 1961, plaintiffs (in an action other than that from which this appeal arose) had previously, as plaintiffs, filed an action against Mr. Callaway for damages arising out of a collision of motor vehicles. In that cause

on April 13, 1962, verdicts in favor of the plaintiffs there were returned against Mr. Callaway. There is no evidence that at the time the verdicts were returned the trial court directed that rendition of judgment be withheld or reserved. On April 17, 1962, Mr. Callaway deeded the subject real estate to Mr. McCauley. On April 23, 1962, a judgment based upon such verdicts was entered on the judgment docket of the District Court of Pontotoc County. On April 25, 1962, the journal entry of judgment pursuant to those verdicts was filed.

The record further reveals that on April 17, 1962, Mr. Callaway owed Mr. McCauley the sum of $10,165.00, principal and interest, all of which was secured by the aforesaid real estate mortgage; that at the time Mr. McCauley took the deed to which reference hereinabove was made he knew of the verdicts against Mr. Callaway; that after the property was deeded to him, Mr. McCauley advised the attorney for plaintiffs that he would execute a deed to plaintiffs if they would reimburse him for the money that he had invested in it; that "plaintiffs did not attempt to prove that the recited consideration of the amount allegedly unpaid on the mortgage as stated in the deed was less than the fair and reasonable cash market value of the real estate at that time".

After a trial to the court below, in the subsequent action, from which this appeal arose, judgment was rendered in favor of Mr. Callaway and Mr. McCauley, and plaintiffs appeal from the overruling of their motion for a new trial.

For reversal plaintiffs advance two propositions. The first is as follows: "The Judgment is contrary to the law and the evidence, and Plaintiffs have judgment lien on real estate involved."

■ Assuming, as plaintiffs contend in their first proposition, that by reason of the rendition of the verdicts on April 13, 1962, plaintiffs acquired a judgment lien on the property involved, but without so deciding, nevertheless such a lien, if it in fact existed, would be subject to the prior mortgage of Mr. McCauley.

In the case of Oklahoma State Bank of Wapanucka v. Burnett et al., 65 Okl. 74, 162 P. 1124, 1126, 1127, 4 A.L.R. 430, we said:

"In short the filing of the judgment only created a lien upon the interest in the real estate owned by the judgment debtor at the time of the filing of the lien, and if prior to the filing of such judgment lien the judgment debtor had mortgaged said real estate, the lien created by filing such judgment was subordinate to such mortgages. * * *"

■ Plaintiffs failed to show that the value of the real estate here involved exceeded the amount due and owing by Mr. Callaway to Mr. McCauley and secured by the mortgage on said realty. Their evidence failed to demonstrate that they would benefit if the deed should be set aside.

■ In the case of Grady v. Marshall, Okl., 288 P.2d 1101, 1104, we said:

"Equity will not require the doing of a useless act".

We find no merit in plaintiffs' first proposition.

Plaintiffs' second proposition is that "The judgment is contrary to the law and the evidence and the deed was a fraudulent conveyance as to the plaintiffs and plaintiffs are entitled to judgment for relief prayed by them." They state that "The deed may be good as between the parties thereto but if it was made to hinder or delay plaintiffs in collection of their judgment against Mr. Callaway, it is void as to plaintiffs".

The trial court in its judgment found " * * * that at the time of the execution of the Deed from C. F. Callaway to J. I. McCauley, the said C. F. Callaway was then justly indebted to the Defendant, J. I. McCauley, in the sum of $10,165.00, as evidenced by a Real Estate Mortgage dated the 5th day of July, 1955, and the said Mortgage was a first and prior lien against the real estate herein involved; that the release and satisfaction of the Debt and other obligations secured by said Real Estate Mortgage was wholly adequate and was a fair and valuable consideration for said real estate and that the Defendant, J. I. McCauley, in taking said Deed in full satisfaction of said mortgage indebtedness acted in good faith and without any intentions of delaying, defrauding and hindering the Plaintiffs herein, and that by virtue of said Deed, the Defendant, J. I. McCauley, took both the legal and equitable title in and to the real estate herein involved, free and clear of any lien or estate by Plaintiffs, or either of them".

The mortgage provided for an attorney fee of 10 per cent of the unpaid balance in the event of a foreclosure. For the plaintiffs to have realized any thing from their judgment on an execution the property would have had to have sold for more than $10,165.00, plus attorneys' fees and costs, whereas the highest value placed thereon by any witness was $8500.00. Plaintiffs offered no evidence of effect that they would realize any money therefrom if the property were sold either on execution of their judgment lien or as a result of foreclosure of the mortgage.

Title 24 O.S.1961 § 11, provides:

"Any person in this State indebted to other persons shall have the right to prefer one or more of such creditors in good faith to secure a valid debt, which preference may be manifested by payment, by mortgages, either real or chattel, or by the transfer of personal property or real estate, and if received by the creditor in good faith, such conveyance or mortgage shall be valid in the hands of the mortgagee and constitute a preference to the extent thereof, subject to the laws relating to the filing and recording of mortgages."

In the case of Riedell v. Lydick, 176 Okl. 204, 55 P.2d 465, Riedell obtained a judgment against one Welch. Several months thereafter Welch executed a deed granting a one-fourth interest in certain real property to Lydick. Welch previously had employed Lydick to represent him in another action as his attorney for a fee of $500.00.

Welch, not being able to pay the fee in cash, made the deed to the property there involved, and to which reference has been made, to Lydick. The trial court heard evidence as to the value of the land and as to the circumstances surrounding the transaction, and found that $500.00 was a fair and reasonable consideration for the one-fourth interest in the land, and that said sum was a reasonable fee for the services rendered.

In its opinion this Court (176 Okl. 204, 55 P.2d page 465) stated:

"The only question for determination is whether the deed was taken by the plaintiff in good faith and for an adequate consideration, or whether it was taken under such circumstances as would render it a fraudulent conveyance."

In such opinion (176 Okl. 204, 55 P.2d p. 466) is the following language:

"In the case of Kentucky Bank & Trust Co. et al. v. Pritchett et al., 44 Okl. 87, 143 P. 338, this court in paragraph 2 of the syllabus said:

" 'When a debtor is in failing or insolvent circumstances, he has a right to prefer one creditor in preference to another, and if accepted by the creditor in good faith such preference will be sustained, even though it has the effect to delay, hinder, or defeat other creditors.'

"In the case of Lynn v. Brenner, 145 Okl. 188, 291 P. 509, this court held as stated in the syllabus:

" 'A bona fide pre-existing debt owing a wife by her husband forms a fair and valuable consideration for a conveyance, by the husband of real estate to her in payment of such debt.' "

In the case of Gilpatrick v. Hatter, Okl., 258 P.2d 1200, 1203, we said:

"(T)he general rule is that he who asserts that a transfer is fraudulent as to creditors must assume the burden of such proof."

In the second paragraph of the syllabus in the case of Stokes v. Rodman, 186 Okl. 617, 99 P.2d 499, we held:

"The plaintiff, attacking validity of conveyance of real estate on ground same was made without fair and valuable consideration, sec. 9697, O.S.1931, 24 Okl.St.Ann. § 10, adduced evidence tending to show the consideration passing for the conveyance which was subject to a mortgage, but adduced no evidence tending to show value of said real estate at the time the conveyance was made, held, the trial judge did not err in sustaining a demurrer to the plaintiff's evidence."

 Plaintiffs, having failed to prove that Mr. Callaway was possessed of and deeded away to Mr. McCauley his equity of redemption, which was of some value, without adequate consideration, failed to make out a case of fraud.

The judgment of the trial court was not clearly against the weight of the evidence. Therefore, it will not be disturbed by this Court on appeal. See Pfleider v. Smith, Okl., 370 P.2d 17.

Affirmed.